# United States Bankruptcy Court
# Central District of California
### San Fernando Valley
### Judge Victoria Kaufman, Presiding
### Courtroom 301 Calendar

**Wednesday, March 14, 2018**                                                                 **Hearing Room    301**

<u>9:30 AM</u>
**1:18-10071    LOST COAST RANCH INC.**                                                                 **Chapter 7**

   **#6.00**   Motion for relief from stay [RP]

          U.S. BANK TRUST, N.A.
          VS
          DEBTOR

                        Docket     10

**Judge:**

    Grant relief from stay pursuant to 11 U.S.C. §§ 362(d)(1) and (d)(4) and annulment of the stay pursuant to 11 U.S.C. § 362(d)(1).

    Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain possession of the property.

    If recorded in compliance with applicable state laws governing notices of interests or liens in real property, the order is binding in any other case under this title purporting to affect the property filed not later than 2 years after the date of the entry of the order by the court, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

    Grant movant's request to annul the automatic stay.  "Many courts have focused on two factors in determining whether cause exists to grant [retroactive] relief from the stay:  (1) whether the creditor was aware of the bankruptcy petition; and (2) whether the debtor engaged in unreasonable or inequitable conduct, or prejudice would result to the creditor."  *In re National Environmental Waste Corp.*, 129 F.3d 1052, 1055 (9th Cir. 1997).  "[T]his court, similar to others, balances the equities in order to determine whether retroactive annulment is justified."  *Id.*

    Here, movant was unaware of the debtor's bankruptcy petition before the foreclosure sale, and the debtor acted unreasonably in a way that has prejudiced movant.  Regarding the movant's awareness, movant submitted a declaration testifying that it was not notified of the debtor's bankruptcy case until after the sale.  Movant alleges that on January 16, 2018, it conducted a foreclosure sale of the property.  Movant

# United States Bankruptcy Court
# Central District of California
### San Fernando Valley
### Judge Victoria Kaufman, Presiding
### Courtroom 301 Calendar

**Wednesday, March 14, 2018**                                                                                                       **Hearing Room    301**

<u>9:30 AM</u>
**CONT...        LOST COAST RANCH INC.                                                                                              Chapter 7**

further alleges that on January 17, 2018, movant was faxed a copy of a quitclaim deed purporting to transfer the property from Deborah Beck Fidelman to the debtor. Such quitclaim deed was purportedly executed on February 17, 2012. There is no evidence that this quitclaim deed was recorded.

Three prior cases have affected the property. On May 16, 2012, Deborah Beck filed chapter 7 case no. 1:12-bk-14567-AA. As her residence address, Ms. Beck listed "22055 Ballinger Street, Los Angeles, CA 91311," which is also the address of the property at issue. Ms. Beck appears to be the individual who executed the quitclaim deed purportedly transferring the property to the debtor. On May 21, 2012, case no. 1:12-bk-14567-AA was dismissed.

On June 18, 2012, Ms. Beck filed chapter 7 case no. 1:12-bk-15585-AA, again listing "22055 Ballinger Street, Los Angeles, CA 91311" as her residence address. On February 22, 2013, Ms. Beck received a chapter 7 discharge.

On December 5, 2017, the debtor filed chapter 7 case no. 2:17-bk-24939-ER. The debtor listed its address as "11500 Olympic Boulevard, Suite 400, Los Angeles, CA 90064." On December 27, 2017, case no. 2:17-bk-24939-ER was dismissed.

With respect to the debtor's conduct in the pending case, in its petition the debtor listed its address as "7912 Ventura Canyon Avenue, Panorama City, CA 91402." The debtor did not list movant or the property in its schedules. The debtor has not opposed the pending motion. Based on the foregoing, it appears that the quitclaim deed faxed to movant one day after the foreclosure sale was part of an effort to hinder movant's foreclosure proceedings. For these reasons, the Court finds that annulment of the automatic stay is appropriate.

The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

Movant must submit the order within seven (7) days.

Note: No response has been filed. Accordingly, no court appearance by movant is required. Should an opposing party file a late opposition or appear at the hearing, the Court will determine whether further hearing is required and movant will be so notified.

# United States Bankruptcy Court
# Central District of California
San Fernando Valley
Judge Victoria Kaufman, Presiding
Courtroom 301 Calendar

**Wednesday, March 14, 2018**      Hearing Room    301

<u>9:30 AM</u>
CONT...       LOST COAST RANCH INC.                                                                                          Chapter 7

**Party Information**

**Debtor(s):**

    LOST COAST RANCH INC.          Represented By
                                                             Ronald A Norman

**Trustee(s):**

    David  Seror (TR)                         Pro Se