THOMAS G. MOUZES (SBN 099446)
MARK GORTON (SBN 099312)
**BOUTIN JONES INC.**
Attorneys at Law
555 Capitol Mall, Suite 1500
Sacramento, CA  95814
Phone: 916.321.4444
Fax:    916.441.7597
Email:  tmouzes@boutinjones.com
           mgorton@boutinjones.com

Attorneys for Secured Creditors
American AgCredit, FLCA, American AgCredit, PCA

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

(SAN FERNANDO VALLEY DIVISION)

| | |
|---|---|
| In re<br><br>LOST COAST RANCH, INC.,<br><br>　　　　Debtor. | **Case No.  1:18-bk-10071-VK**<br><br>Chapter 7<br><br>**OPPOSITION OF AMERICAN AGCREDIT, FLCA AND AMERICAN AGCREDIT, PCA TO DEBTOR'S MOTION TO DISMISS**<br><br>Date:  May 3, 2018<br>Time:  2:00 p.m.<br>Place:  United States Bankruptcy Court<br>　　　　Central District of CA<br>　　　　21041 Burbank Blvd., Courtroom 301<br>　　　　Woodland Hills, CA 91367<br>Judge:  Honorable Victoria S. Kaufman |

　　　　Secured creditors American AgCredit, FLCA and American AgCredit, PCA (sometimes collectively "American") submit this Opposition to the motion of Debtor Lost Coast Ranch, Inc. to dismiss the above-entitled case.

I.　　**INTRODUCTION.**

　　　　American desires to have the real property owned by Debtor Lost Coast Ranch, Inc. ("Lost Coast") sold as soon as possible and American paid in full on its secured loans.  The real property at issue is the only material asset of this case.  However, because of the prior repeated improper

1

OPPOSITION TO MOTION TO DISMISS

936316.1

bankruptcy filings admitted by Lost Coast, the lack of any evidence of an existing sales contract for any alleged sale, and the material misstatements made by Lost Coast in its moving papers filed in support of the motion to dismiss, American must oppose Debtor Lost Coast's motion to dismiss. That said, if he can, Bankruptcy Trustee David Seror ("Trustee") should as soon as possible take all reasonable steps necessary or required to list, market and sell the 788 acres of real property located in Humboldt County and pay the secured claims, capital gains taxes, if any, and reasonable costs of sale. For the information of the Court, the real property owned by Debtor is approximately 788 acres of land, with approximately a mile of coastline located in Humboldt County. The real property was listed for sale pre-petition with Four Star Realty, 331 Harris Street, Eureka, CA 95503. See Declaration of Thomas Mouzes ("Mouzes Dec.") ¶4. The property was listed for sale at $10,500,000. The listing may be viewed at https://ranchagent.com/ranch/lost-coast-oceanfront-ranch-788-acres or by searching on Google Lost Coast Ranch for sale and selecting Lost Coast Oceanfront Ranch 788. Id.

If Lost Coast has a buyer willing to pay approximately $9,000,000 for the real property, Trustee should proceed forthwith, if he can, with said transaction. This includes employing the broker and moving forward ASAP. If Trustee is unable to undertake or conclude the sale for any reason, including for capital gain tax reasons, then this case should be dismissed as soon as possible so Lost Coast can attempt to sell the real property and if the property cannot be sold, then creditors can proceed with the exercise of their respective state law rights and remedies including foreclosure. Whatever the option, further extended delay in this case is not acceptable to American.

American suggests that this Court continue this hearing on the Debtor's motion to dismiss for a short time so Trustee can determine if there is in fact a real buyer of the property, and whether a purchase agreement exists, and if so, whether Trustee can in fact sell the real property, pay all secured claims, pay any capital gains taxes arising as a consequence of any sale, pay reasonable costs of sale and determine if any excess funds will exist for the payment of administrative claims and unsecured claims, if any.

This will require Lost Coast and the alleged buyer to fully and promptly cooperate with Trustee and not further delay this case including by refusing to attend the continued first meeting of

1 creditors or refusing to provide material information to Trustee.

2     If Trustee cannot sell the real property, the case should be immediately dismissed.

3     II.    **AMERICAN ARE OVER-SECURED CREDITORS.**

4     American AgCredit, FLCA holds a secured claim secured by a first priority deed of trust and
5 lien against the approximate 788 acres of real property located in Humboldt County. See Request
6 For Judicial Notice, Ex. 1. As of January 9, 2018, the date this case was filed, the unpaid
7 indebtedness due American AgCredit, FLCA for its secured loan totaled $1,375,937.64, which
8 included unpaid principal of $1,302,200.88, accrued and unpaid interest of $69,516.01, and late
9 charges of $4,220.75. Interest, costs, attorney fees and other sums are continuing to accrue
10 thereafter, under the applicable loan documents. The amount to cure the loan as of the petition date
11 is $79,966.08. Payments are in default and due, owing and unpaid beginning July 1, 2017, and
12 continuing each month thereafter. Id. American AgCredit, FLCA is an oversecured creditor.

13     American AgCredit, PCA holds a secured claim secured by a second priority deed of trust
14 and lien against the approximate 788 acres of real property located in Humboldt County. See
15 Request For Judicial Notice, Ex. 2. As of January 9, 2018, the unpaid indebtedness due American
16 AgCredit, PCA for its loan totaled $246,045.41 which included unpaid principal of $231,187.30,
17 accrued and unpaid interest of $13,671.66, and late charges of $1,186.45. Interest, costs, attorney
18 fees and other sums are continuing to accrue thereafter under the applicable loan documents. The
19 amount to cure the loan as of the petition date is $22,056.37. Payments are in default and due,
20 owing and unpaid beginning July 1, 2017, and continuing each month thereafter. Id. American
21 AgCredit, PCA is an oversecured creditor.

22     III.    **AFTER THIS CASE IS FILED AMERICAN INFORMED TRUSTEE THAT
23         DEBTOR WAS ATTEMPTING TO SELL THE REAL PROPERTY**.

24     As the Mouzes Dec. reflects, after the bankruptcy filing and on January 26, 2018, Mr.
25 Mouzes advised Trustee's office that Debtor Lost Coast was attempting to sell the real property after
26 the filing of this case and Mr. Mouzes provided the name of the agent and listing information to the
27 office of Trustee. Mouzes Dec. ¶5.

28     On January 30, 2018, Mr. Mouzes confirmed the telephone call with the office of Trustee by

3

OPPOSITION TO MOTION TO DISMISS     936316.1

1 | email and provided Trustee with information regarding the website listing information and the
2 | broker and also advised Trustee that American had received a written request for payoff demand
3 | from escrow. Mr. Mouzes provided Trustee with a copy of the request for payoff demand received
4 | by American. Mouzes Dec, ¶6, Ex. 3.

5 | On February 6, 2018, Mr. Mouzes emailed the office of Trustee and again advised him that
6 | American was continuing to receive a demand for a payoff from the escrow. Mr. Mouzes also
7 | requested direction from Trustee concerning the sale. Mouzes Dec. ¶7, Ex. 4. Thereafter, Trustee
8 | advised that the petition had been recorded by Trustee. Id.

### IV. LOST COAST MISSTATES MATERIAL FACTS IN ITS MOTION.

Debtor Lost Coast in its moving papers states in its motion (Doc. No. 27) at page 2, lines 12-14 the following:

> Debtor's creditors and Debtor have unanimously agreed to Debtor selling the property pursuant to the terms of that certain offer from Ocean Ranch LPFN LLC dated January 22, 2018 which requires Debtor's bankruptcy case be dismissed forthwith.

(Emphasis Added.)

A similar claim is made in the motion to dismiss at page 6, lines 7-10.

Mr. Patterson in his supporting declaration attached to the Application, Doc. No. 28, at page 2 of the declaration, lines 8-11 states at paragraph 7 as follows:

> 7. Debtor and Debtor's creditors have unanimously agreed to Debtor selling the property pursuant to the terms of a written purchase agreement with Ocean Ranch LPFN LLC dated January 22, 2018 which requires Debtor's bankruptcy case be dismissed.

(Emphasis Added.)

This case was filed on January 9, 2018. The supporting testimony and motion of Debtor Lost Coast reflect that *after this case was filed and after the selection of Mr. Seror as trustee* on or about January 9, 2018 (Doc. No. 1, 2), Debtor Lost Coast purported to enter into a written contract to sell the real property on January 22, 2018.

Contrary to the representations made by Debtor Lost Coast in the motion, since the filing of this case the attorneys for Debtor have not had any communications with the attorneys for American

4

OPPOSITION TO MOTION TO DISMISS    936316.1

concerning the sale of the real property. See Mouzes Dec. ¶3. As of the date of this Opposition, American has not been provided with a copy of the alleged purchase agreement and American's phone calls to the Debtor's attorney have not been returned. Id.

The representations of Debtor Lost Coast made to this Court in the motion to dismiss and the offered testimony are not accurate and are materially misleading, to say the least.

## V. THIS MOTION SHOULD BE CONTINUED FOR A BRIEF PERIOD.

As reflected above, American desires to have the real property owned by Lost Coast sold as soon as possible and American paid in full. However, because of the prior repeated bankruptcy filings admitted by Debtor Lost Coast, the lack of any evidence of an existing sales contract for any alleged sale, and the material misstatements made by Lost Coast in its moving papers filed in support of the motion to dismiss and its conduct to date, American at this point, opposes the Debtor's motion.

If he can, Trustee should take all reasonable steps as soon as possible to list, market and sell the 788 acres of real property located in Humboldt County. If Lost Coast has a buyer willing to pay approximately $9,000,000, for the real property, Trustee should proceed forthwith, if he can, with said transaction. If Trustee is unable to undertake or conclude the sale for any reason, including for tax capital gains reasons, then this case should be dismissed as soon as possible so Lost Coast can attempt to sell the real property and pay creditors, and/or creditors can proceed with the exercise of their respective state law rights and remedies including foreclosure. Whatever the option, further extended delay in this case by Debtor or Trustee is not acceptable to American.

American suggests that this Court continue this hearing for a short time so Trustee can determine if there is in fact a real buyer of the property, and whether a purchase agreement exists, and if so, whether Trustee can in fact sell the real property, pay all secured claims, pay any capital gains taxes arising as a consequence of any sale, pay reasonable costs of sale and determine if any excess funds will exist for the payment of administrative claims and unsecured claims, if any.

This will require Lost Coast and the alleged buyer to fully and promptly cooperate with Trustee and not further delay this case including by refusing to attend the continued first meeting of creditors or refusing to provide material information to Trustee. If Trustee cannot sell the real

1. property, the case should be immediately dismissed.
2.     TO DEBTOR AND HIS ATTORNEY OF RECORD AND ANY OTHER PARTIES IN
3. INTEREST, IN ACCORDANCE WITH LOCAL BANKRUPTCY RULES FOR THE CENTRAL
4. DISTRICT OF CALIFORNIA, RULE 9013-1(f)(2), PLEASE BE ADVISED THAT ANY REPLY
5. YOU HAVE MUST BE FILED WITH THE COURT AND SERVED ON THE RESPONDING
6. PARTY NOT LATER THAN 7 DAYS PRIOR TO THE HEARING ON THE MOTION.  YOUR
7. ATTENTION IS DIRECTED TO LOCAL RULE 9013-1.
8.     Respectfully submitted.
9. Dated: April 18, 2018                       BOUTIN JONES INC.

By:   */s/ Thomas G. Mouzes*
        Thomas G. Mouzes

Attorneys for Secured Creditors
American AgCredit, FLCA, American
AgCredit, PCA

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
555 Capitol Mall, Suite 1500
Sacramento, CA 95814

A true and correct copy of the foregoing document entitled (*specify*): **OPPOSITION OF AMERICAN AGCREDIT, FLCA AND AMERICAN AGCREDIT, PCA TO DEBTOR'S MOTION TO DISMISS**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) April 18, 2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
David I Brownstein    david@brownsteinfirm.com
Talin Keshishian    tkeshishian@bg.law, ecf@bg.law
Ronald A Norman    ronaldanorman@sbcglobal.net, david@jshoffmanlaw.com
David Seror (TR)    mtzeng@brutzkusgubner.com, C133@ecfcbis.com
United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
Jennifer C Wong    bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) April 18, 2018, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) April 18, 2018, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Honorable Victoria S. Kaufman
United States Bankruptcy Court
Central District of California
21041 Burbank Blvd., Suite 354/Courtroom 301
Woodland Hills, CA 91367
**Served by Federal Express**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 4/18/18 | Carmelia V. Domingo | *[signature]* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                **F 9013-3.1.PROOF.SERVICE**

937040.1

**ATTACHMENT TO PROOF OF SERVICE OF DOCUMENT**

2. SERVED BY UNITED STATES MAIL (mailed on April 18, 2018)

Lost Coast Ranch Inc.
7912 Ventura Canyon Avenue
Panorama City, CA 91402

Ronald A. Norman
Law Offices of Ronald A. Norman
5404 Whisett Avenue, Suite 133
Valley Village, CA 91607

Talin Keshishian
Brutzkus Gubner Rozansky Seror Weber LLP
21650 Oxnard St., Suite 500
Woodland Hills, CA 91367

Bayview Loan Servicing, LLC
4425 Ponce de Leon Blvd., 5th Floor
Coral Gables, FL 33146

Employment Development Dept.
Bankruptcy Group MIC 92E
PO Box 826880
Sacramento, CA 94280-0001

Franchise Tax Board
Bankruptcy Section MS A-340
PO Box 2952
Sacramento, CA 95812-2952

Los Angeles City Clerk
PO Box 53200
Los Angeles, CA 90053-0200

Nationstar Mortgage Seterus, Inc.
PO Box 619063
Dallas, TX 75261

Select Portfolio Servicing, Inc.
PO Box 65250
Salt Lake City, UT 84165-0250

Seterus, Inc.
PO Box 1077
Hartford, CT 06143

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

937040.1