| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| David I. Brownstein (195393)<br>Law Office of David I. Brownstein<br>1 Park Plaza, Suite 600<br>Irvine, CA 92614<br>(949) 486-4404 p<br>(949) 861-6045 f<br>david@brownsteinfirm.com<br><br>☐ *Movant appearing without an attorney*<br>☒ *Attorney for Movant* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION**

| In re:<br><br>LOST COAST RANCH, INC. | CASE NO.: 1:18-bk-10071-VK<br>CHAPTER: 7 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** |
| Debtor(s). | DATE: 07/11/2018<br>TIME:  9:30 am<br>COURTROOM: 301 |

**Movant:** Bobs, LLC

1. **Hearing Location**:

   ☐ 255 East Temple Street, Los Angeles, CA 90012       ☐ 411 West Fourth Street, Santa Ana, CA 92701
   ☒ 21041 Burbank Boulevard, Woodland Hills, CA 91367   ☐ 1415 State Street, Santa Barbara, CA 93101
   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                          Page 1                          **F 4001-1.RFS.RP.MOTION**

Page 1

4.  When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5.  If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6.  ☒  This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d).  If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7.  ☐  This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b).  If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

    a.  ☐  An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

    b.  ☐  An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

    c.  ☐  An application for order setting hearing on shortened notice was filed and remains pending.  After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date:  06/14/2018

Law Office of David I. Brownstein
Printed name of law firm (if applicable)

David I. Brownstein, attorney for Movant
Printed name of individual Movant or attorney for Movant

/s/ David I. Brownstein
Signature of individual Movant or attorney for Movant

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO REAL PROPERTY

1. **Movant is the:**

   ☐ Holder: Movant has physical possession of a promissory note that either (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.

   ☒ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary.

   ☐ Servicing agent authorized to act on behalf of the Holder or Beneficiary.

   ☐ Other (*specify*):

2. **The Property at Issue (Property):**

   a. Address:

   *Street address*: 17800 Tramonto Drive
   *Unit/suite number*:
   *City, state, zip code*: Pacific Palisades, CA 90272

   b. Legal description, or document recording number (including county of recording), as set forth in Movant's deed of trust (attached as Exhibit __A__):   Los Angeles County   20151593377

3. **Bankruptcy Case History:**

   a. A ☒ voluntary ☐ involuntary  bankruptcy petition under chapter  ☒ 7 ☐ 11 ☐ 12 ☐ 13
   was filed on (*date*) __01/09/2018__.

   b. ☐ An order to convert this case to chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13  was entered on (*date*) _____.

   c. ☐ A plan, if any, was confirmed on (*date*) _____.

4. **Grounds for Relief from Stay:**

   a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay as follows:

   (1) ☒ Movant's interest in the Property is not adequately protected.

       (A) ☒ Movant's interest in the Property is not protected by an adequate equity cushion.

       (B) ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

       (C) ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

   (2) ☒ The bankruptcy case was filed in bad faith.

       (A) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

       (B) ☐ The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

       (C) ☐ A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of filing this bankruptcy case.

       (D) ☒ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

       (E) ☐ The Debtor filed only a few case commencement documents with the bankruptcy petition.  Schedules and the statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

       (F) ☒ Other (*see attached continuation page*).

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                    Page 3                                    **F 4001-1.RFS.RP.MOTION**

Page 3

**Continuation Page for Bad Faith Item   (a)2(F)**

Movant sought relief from stay pursuant to Section 362(d)(4), with respect to the 17800 Tramonto Property (the "Property"), in the serial bankruptcy filings of the co-obligee with the Debtor on the Note underlying Movant's deed of trust, Joseph Flores Beauchamp, in Case No. 2:17-bk-25195-VZ ("Beauchamp").

Movant sought § 363(d)(4) relief against Beauchamp, after a previous Bankruptcy filing by Job Inc., LLC, Case #2:17-bk-22103-RK ("Job").  Job commenced its bankruptcy case in order to attempt to frustrate Movant from proceeding with foreclosure.   The Job bankruptcy stated that it principal place of business was 17800 Tramonto Drive.  Beauchamp signed the Job petition on behalf of Job, Inc., LLC as its managing member.  The Job bankruptcy was then dismissed for Debtor's failure to file schedules.

After the Job Bankruptcy was dismissed, a Chapter 7 Bankruptcy was then commenced by this same debtor in the Los Angeles division, Lost Coast Ranch, Inc. as Case No. 2:17-bk-24939-ER.  The Los Angeles division Lost Coast Ranch Case was dismissed for debtor's failure to file schedules.

The Beauchamp case was filed next, and Debtor sought 363(d)(4) relief against Beauchamp.  That Order was granted by Judge Zurzolo, a copy of which is attached hereto as Exhibit "B", but before it was entered, Debtor filed this instant case.

(3) ☐ (*Chapter 12 or 13 cases only*)

    (A) ☐ All payments on account of the Property are being made through the plan.
          ☐ Preconfirmation ☐ Postconfirmation  plan payments have not been made to the chapter 12
          trustee or chapter 13 trustee.

    (B) ☐ Postpetition mortgage payments due on the note secured by a deed of trust on the Property have not
          been made to Movant.

(4) ☐ The Debtor filed a Statement of Intentions that indicates the Debtor intends to surrender the Property.

(5) ☐ The Movant regained possession of the Property on (*date*) _____,
     which is ☐ prepetition ☐ postpetition.

(6) ☐ For other cause for relief from stay, see attached continuation page.

b. ☒ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to
    § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

c. ☐ Pursuant to 11 U.S.C. § 362(d)(3), the Debtor has failed, within the later of 90 days after the order for relief or
    30 days after the court determined that the Property qualifies as "single asset real estate" as defined in
    11 U.S.C. § 101(51B) to file a reasonable plan of reorganization or to commence monthly payments.

d. ☒ Pursuant to 11 U.S.C. § 362(d)(4), the Debtor's filing of the bankruptcy petition was part of a scheme to delay,
    hinder, or defraud creditors that involved:

    (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or
         court approval; or

    (2) ☒ Multiple bankruptcy cases affecting the Property.

**5.** ☐ **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor.

a. ☐ These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have
    been entitled to relief from the stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed
    with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☐ Other (*specify*):

**6.** **Evidence in Support of Motion:  (D***eclaration(s) MUST be signed under penalty of perjury and attached to this
motion***)**

a. The REAL PROPERTY DECLARATION on page 6 of this motion.

b. ☒ Supplemental declaration(s).

c. ☐ The statements made by Debtor under penalty of perjury concerning Movant's claims and the Property as set
    forth in Debtor's case commencement documents.  Authenticated copies of the relevant portions of the case
    commencement documents are attached as Exhibit _____.

d. ☐ Other:

**7.** ☐ **An optional Memorandum of Points and Authorities is attached to this motion.**

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*              Page 4              **F 4001-1.RFS.RP.MOTION**

Page 5

**Movant requests the following relief:**

1. Relief from the stay is granted under:   ☒ 11 U.S.C. § 362(d)(1)   ☐ 11 U.S.C. § 362(d)(2)   ☐ 11 U.S.C. § 362(d)(3).

2. ☒ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

3. ☒ Movant, or its agents, may, at its option, offer, provide and enter into a potential forebearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement.  Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

4. ☐ Confirmation that there is no stay in effect.

5. ☐ The stay is annulled retroactive to the bankruptcy petition date.  Any postpetition actions taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

6. ☐ The co-debtor stay of 11 U.S.C. §1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

7. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

8. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing on this Motion:
   ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

9. ☒ Relief from the stay is granted under 11 U.S.C. § 362(d)(4):  If recorded in compliance with applicable state laws governing notices of interests or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of the order by the court, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

10. ☐ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:
   ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be:

   ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

12. ☒ Upon entry of the order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

13. ☐ If relief from stay is not granted, adequate protection shall be ordered.

14. ☐ See attached continuation page for other relief requested.

Date:  06/14/2018

Law Office of David I. Brownstein
Printed name of law firm (*if applicable*)
David I. Brownstein, attorney for Movant
Printed name of individual Movant or attorney for Movant

/s/ David I. Brownstein
Signature of individual Movant or attorney for Movant

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# REAL PROPERTY DECLARATION

I, (*print name of Declarant*) Rommy Shy_____, declare:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age.  I have knowledge regarding Movant's interest in the real property that is the subject of this Motion (Property) because (*specify*):

   a. ☐  I am the Movant.

   b. ☐  I am employed by Movant as (*state title and capacity*):  Manager of the LLC

   c. ☐  Other (*specify*):

2. a. ☒  I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor concerning the Property.  I have personally worked on the books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant.  These books, records and files were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the actions, conditions or events to which they relate.  Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event.  The business records are available for inspection and copies can be submitted to the court if required.

   b. ☐  Other (*see attached*):

3. The Movant is:

   a. ☐  Holder: Movant has physical possession of a promissory note that (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.  A true and correct copy of the note, with affixed allonges/indorsements, is attached as Exhibit _____.

   b. ☒  Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g.,mortgage or deed of trust) or (2) is the assignee of the beneficiary.  True and correct copies of the recorded security instrument and assignments are attached as Exhibit  C&E .

   c. ☐  Servicing agent authorized to act on behalf of the:

         ☐  Holder.
         ☐  Beneficiary.

   d. ☐  Other (*specify*):

4. a. The address of the Property is:

       *Street address*: 17800 Tramonto Drive
       *Unit/suite no.*:
       *City, state, zip code*: Pacific Palisades, CA 90272

   b. The legal description of the Property or document recording number (including county of recording) set forth in the Movant's deed of trust is:
   See Attached Exhibit "A"

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                   Page 6                                   **F 4001-1.RFS.RP.MOTION**

Page 7

5. Type of property (*check all applicable boxes*):

    a. ☐ Debtor's principal residence      b. ☐ Other residence
    c. ☐ Multi-unit residential      d. ☐ Commercial
    e. ☐ Industrial      f. ☐ Vacant land
    g. ☒ Other (*specify*): Residential property not owned by Debtor

6. Nature of the Debtor's interest in the Property:

    a. ☐ Sole owner

    b. ☐ Co-owner(s) (*specify*):

    c. ☐ Lienholder (*specify*):

    d. ☒ Other (*specify*): Debtor is listed as co-obligee on note

    e. ☒ The Debtor ☐ did ☒ did not list the Property in the Debtor's schedules.

    f. ☐ The Debtor acquired the interest in the Property by ☐ grant deed ☐ quitclaim deed ☐ trust deed.

       The deed was recorded on (*date*) _____.

7. Movant holds a ☐ deed of trust ☐ judgment lien ☐ other (*specify*) _____
   that encumbers the Property.

    a. ☒ A true and correct copy of the document as recorded is attached as Exhibit C____.

    b. ☒ A true and correct copy of the promissory note or other document that evidences the Movant's claim is attached as Exhibit D____.

    c. ☒ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of trust to Movant is attached as Exhibit E____.

8. Amount of Movant's claim with respect to the Property:

    \*\*This is approximated and not to be used as a payoff demand.

| | | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|---|
| a. | Principal: | $ 3,500,000 | $ 0 | $ 3,500,000 |
| b. | Accrued interest: | $ 1,036,000 | $ 350,000 | $ 1,386,000 |
| c. | Late charges | $ 56,000 | $ 0 | $ 56,000 |
| d. | Costs (attorney's fees, foreclosure fees, other costs): | $ 58,597 | $ 5,000 | $ 63,597 |
| e. | Advances (property taxes, insurance): | $ | $ | $ |
| f. | Less suspense account or partial balance paid: | $[      ] | $[      ] | $[      ] |
| g. | TOTAL CLAIM as of (*date*): 6/10/2018\*\* | $ 4,650,597 | $ 355,000 | $ 5,005,597 |

    h. ☒ Loan is all due and payable because it matured on (*date*) 07/21/2017

9. Status of Movant's foreclosure actions relating to the Property (*fill the date or check the box confirming no such action has occurred*):

    a. Notice of default recorded on (*date*) 07/24/2017 or ☐ none recorded.

    b. Notice of sale recorded on (*date*) _____ or ☒ none recorded.

    c. Foreclosure sale originally scheduled for (*date*) _____ or ☐ none scheduled.

    d. Foreclosure sale currently scheduled for (*date*) _____ or ☐ none scheduled.

    e. Foreclosure sale already held on (*date*) _____ or ☐ none held.

    f. Trustee's deed upon sale already recorded on (*date*) _____ or ☐ none recorded.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

10. Attached (*optional*) as Exhibit _____ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor since the bankruptcy petition date.

11. ☒ (*chapter 7 and 11 cases only*) Status of Movant's loan:     **N/A Loan was all due and payable 7/21/2017**

   a. Amount of current monthly payment as of the date of this declaration: $_____ for the month of _____ 20___.

   b. Number of payments that have come due and were not made: _____. Total amount: $_____

   c. Future payments due by time of anticipated hearing date (*if applicable*):

   An additional payment of $_____ will come due on (*date*) _____, and on the _____ day of each month thereafter. If the payment is not received within _____ days of said due date, a late charge of $_____ will be charged to the loan.

   d. The fair market value of the Property is $ 4,617,370_____, established by:

   (1) ☐ An appraiser's declaration with appraisal is attached as Exhibit _____.

   (2) ☐ A real estate broker or other expert's declaration regarding value is attached as Exhibit _____.

   (3) ☐ A true and correct copy of relevant portion(s) of the Debtor's schedules is attached as Exhibit _____.

   (4) ☒ Other (*specify*):
   Los Angeles County Tax Assessor

   **e. Calculation of equity/equity cushion in Property:**

   Based upon ☐ a preliminary title report ☐ the Debtor's admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| | Name of Holder | Amount as Scheduled by Debtor (*if any*) | Amount known to Declarant and Source |
|---|---|---|---|
| 1st deed of trust: | Wells Fargo Bank | $ | $ 3,000,000 |
| 2nd deed of trust: | Bobs, LLC | $ | $ 4,617,370 |
| 3rd deed of trust: | | $ | $ |
| Judgment liens: | | $ | $ |
| Taxes: | | $ | $ |
| Other: | | $ | $ |
| **TOTAL DEBT:** $ 7,617,370 | | | |

   f. Evidence establishing the existence of these deed(s) of trust and lien(s) is attached as Exhibit F____ and consists of:

   (1) ☒ Preliminary title report.

   (2) ☐ Relevant portions of the Debtor's schedules.

   (3) ☐ Other (*specify*):

   **g.** ☒ **11 U.S.C. § 362(d)(1) - Equity Cushion:**
   I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant's debt is $ 0_____ and is 0_____% of the fair market value of the Property.

   **h.** ☒ **11 U.S.C. § 362(d)(2)(A) - Equity:**
   By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 11(e) above, I calculate that the Debtor's equity in the Property is $ 0_____.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                          Page 8                          **F 4001-1.RFS.RP.MOTION**

Page 9

i.  ☐  Estimated costs of sale: $_____ (estimate based upon _____% of estimated gross sales price)

j.  ☐  The fair market value of the Property is declining because:

12. ☐  (*Chapter 12 and 13 cases only*) Status of Movant's loan and other bankruptcy case information:

a.  A 341(a) meeting of creditors is currently scheduled for (*or concluded on*) the following date: _____.
    A plan confirmation hearing currently scheduled for (or concluded on) the following date:_____.
    A plan was confirmed on the following date (*if applicable*): _____.

b.  Postpetition preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

(See attachment for additional breakdown of information attached as Exhibit _____.)

c.  Postpetition postconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

d.  Postpetition advances or other charges due but unpaid:                              $
    (*For details of type and amount, see Exhibit _____*)

e.  Attorneys' fees and costs:                                                          $
    (*For details of type and amount, see Exhibit _____*)

f.  Less suspense account or partial paid balance:                              $[                    ]

                TOTAL POSTPETITION DELINQUENCY:            $

g.  Future payments due by time of anticipated hearing date (*if applicable*): _____.
    An additional payment of $_____ will come due on _____, and on
    the _____ day of each month thereafter. If the payment is not received by the _____ day of the month, a late charge of $_____ will be charged to the loan.

h.  Amount and date of the last 3 postpetition payments received from the Debtor in good funds, regardless of how applied (if applicable):

    $_____ received on (*date*) _____
    $_____ received on (*date*) _____
    $_____ received on (*date*) _____

i.  ☐  The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent.
    A plan payment history is attached as Exhibit _____. See attached declaration(s) of chapter 12 trustee or 13 trustee regarding receipt of payments under the plan (*attach LBR form F 4001-1.DEC.AGENT.TRUSTEE*).

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                              Page 9                          **F 4001-1.RFS.RP.MOTION**

Page 10

13. ☒ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

14. ☐ The court determined on (*date*) _____ that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B).  More than 90 days have passed since the filing of the bankruptcy petition; more than 30 days have passed since the court determined that the Property qualifies as single asset real estate; the Debtor has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or the Debtor has not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

15. ☐ The Debtor's intent is to surrender the Property.  A true and correct copy of the Debtor's statement of intentions is attached as Exhibit _____.

16. ☐ Movant regained possession of the Property on (*date*) _____, which is  ☐ prepetition  ☐ postpetition.

17. ☒ The bankruptcy case was filed in bad faith:

    a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

    b. ☒ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

    c. ☐ The Debtor filed only a few case commencement documents.  Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

    d. ☐ Other (*specify*):


18. ☒ The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

    a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

    b. ☒ Multiple bankruptcy cases affecting the Property include:

        1. Case name: Job Inc. LLC
            Chapter: 7      Case number: 2:17-bk-22103-RK
            Date dismissed: 11/29/2017    Date discharged: _____    Date filed: 10/02/2017
            Relief from stay regarding the Property ☐ was  ☒ was not  granted.

        2. Case name: Lost Coast Ranch, Inc.
            Chapter: 7      Case number: 2:17-bk-24939
            Date dismissed: 12/27/2017    Date discharged: _____    Date filed: 12/05/2017
            Relief from stay regarding the Property ☐ was  ☒ was not  granted.

        3. Case name: Joseph Flores Beauchamp
            Chapter: 13     Case number: 2:17-bk-25195-VZ
            Date dismissed: 01/03/2018    Date discharged: _____    Date filed: 12/14/2017
            Relief from stay regarding the Property ☒ was  ☐ was not  granted.

    ☐ See attached continuation page for information about other bankruptcy cases affecting the Property.

    ☐ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*        Page 10        **F 4001-1.RFS.RP.MOTION**

Page 11

19. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| _____ | Rommy Shy | to be submitted |
| *Date* | *Printed name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                              Page 11                              **F 4001-1.RFS.RP.MOTION**

Page 12

### DECLARATION OF DAVID I. BROWNSTEIN

I, David I. Brownstein, hereby declare:

1.  I am over eighteen years old, and have personal knowledge of the facts contained in this Declaration.  If called upon to testify thereto, I could and would testify competently to the facts contained in this Declaration.

2.  I am an attorney duly admitted to practice law in the courts of the State of California, before the United States District Courts for the Northern, Central, Eastern and Southern Districts of California, and before the Ninth Circuit Court of Appeals.

3.  I was counsel of record for movant herein, Bobs LLC, a Nevada limited liability corporation ("Movant"), in the prior Chapter 7 Bankruptcy Case of Lost Coast Ranch, Inc., Case No. 2:17-bk-24939-ER, as well as the related Chapter 13 Bankruptcy Case of Joseph Flores Beauchamp ("Beauchamp"), Case No. 2:17-bk-25195-VZ.

History of Prior Related Cases

4.  Beauchamp is a co-obligee with Lost Coast Ranch, Inc., the debtor herein (the "Debtor") on a Note supporting a Deed of Trust against the Debtor's real property commonly known as 26000 Mattole Road, Ferndale, California (the "Mattole Property"), as well as supporting a Deed of Trust against real property **not** owned by the Debtor, commonly known as 17800 Tramonto Drive, Pacific Palisades, California 90272 (the "Tramonto Property").

5.  Beauchamp holds title to the Tramonto Property, as Trustee of a trust.

6.  A foreclosure sale on the Tramonto Property by the first deed of trust holder Wells Fargo Bank, NA. was recorded on August 31, 2017, with a pending foreclosure sale on October 2, 2017.

7.  On October 2, 2017, in response to the pending foreclosure of the Tramonto Property, an entity named Job Inc. LLC, commenced a Chapter 7 Bankruptcy case #2:17-bk-22103-RK. Job Inc. LLC's petition stated that its principal place of business was 17800 Tramonto Drive, Pacific Palisades, CA 90272.  Beauchamp signed the petition on behalf of Job, Inc. LLC, as its managing member.

Declaration of David I. Brownstein

8.      The Job Inc. LLC bankruptcy case was eventually dismissed for Debtor's failure to file schedules on or about November 29, 2017.

9.      Bobs LLC, ("Movant") as assignee of the Debtor's Mattole Property Note and Deed of Trust, recorded a notice of default with Humboldt County and set a foreclosure sale on the Mattole Property for December 6, 2017.

10.      On December 5, 2017, on the eve of Movant's foreclosure sale of the Mattole Property, a Chapter 7 Bankruptcy was commenced by the same entity as this Debtor, Lost Coast Ranch, Inc., as Case No. 2:17-bk-24939-ER.  The Debtor used a West Los Angeles address that did not appear to have any connection with the Debtor, in order to file the case in Los Angeles division of the Central District.

11.      The Debtor, Lost Coast Ranch Inc. failed to file its schedules and its case was dismissed on December 27, 2017.

12.      Once the above noted Job Inc. Bankruptcy case was dismissed on November 29, 2017, Wells Fargo Bank, N.A. as the first Deed of Trust Holder on the Tramonto Property was proceeding with its foreclosure sale of the Tramonto Property for December 14, 2017.

13.      In response, Beauchamp commenced his own improper Chapter 13 case on December 14, 2017, Case No. 2:17-bk-25195-VZ.   The four creditors listed in the matrix filed with Beauchamp's Chapter 13 petition, were the same 4 creditors listed in the matrix filed with the first Lost Coast Ranch, Inc. petition, as well as this Debtor's petition.

14.      Bobs LLC, filed motions for relief from Beauchamp's Bankruptcy stay with respect to the Tramonto Property, as well as the Mattole Property, in the Beauchamp Bankruptcy case, seeking relief under 11 U.S.C. § 362(d)(1) and (d)(4).

15.      Beauchamp's Bankruptcy case was dismissed for his failure to file Bankruptcy schedules on or about January 3, 2018.

16.      Judge Zurzolo granted relief to Bobs LLC from the automatic stay of the Beauchamp Bankruptcy Case pursuant to 11 U.S.C. § 362(d)(1) and (d)(4) on or about January 25, 2018.  A true and correct copy of the Order for Relief as to the Tramonto Property is attached hetero as Exhibit "B".

17.     Attached hereto as Exhibit "G" is a true and correct copy of the Los Angeles County Property Tax Roll Summary for the Tramonto Property.  I obtained this printout from the Los Angeles County Assessor's website for the Tramonto Property Parcel Number.  The 2018 Tax Roll assessed value of the Tramonto Property is listed as $4,709,716, whereas the liens against the Tramonto Property as noted in this Motion total more than $7,000,000.

I declare under penalty of perjury, under the laws of the United States of America that the foregoing is true and correct.

Executed this 15 of June 2018, in the city of Irvine, California.


      /s/  David I. Brownstein
      David I. Brownstein

Declaration of David I. Brownstein

3

EXHIBIT "A"

EXHIBIT "A"

**EXHIBIT A**

**LEGAL DESCRIPTION**

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

LOTS 4 AND 5, IN BLOCK 10 OF TRACT NO. 8923, IN THE CITY OF LOS ANGELES, STATE OF CALIFORNIA AS PER MAP RECORDS IN BOOK 118 PAGES 27 TO 35, INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM ALL OIL, GAS, MINERALS, AND OTHER HYDROCARBON SUBSTANCES LYING BELOW A DEPTH OF 500 FEET FROM THE SURFACE OF SAID PROPERTY, BUT WITH NO RIGHT OF SURFACE ENTRY, AS PROVIDED IN DEEDS OF RECORDS.

APN: 4416-020-055

EXHIBIT "B"

EXHIBIT "B"

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| David I. Brownstein (195393)<br>Law Office of David I. Brownstein<br>1 Park Plaza, Suite # 600<br>Irvine, CA 92614<br>(949) 486-4404 p<br>(949) 861-6045 f<br>david@brownsteinfirm.com<br><br><br>☒ *Attorney for Movant*<br>☐ *Movant appearing without an attorney* | **FILED & ENTERED**<br><br>**JAN 25 2018**<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY jones      DEPUTY CLERK |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA -*Los Angeles* DIVISION

| In re:<br><br>JOSEPH FLORES BEAUCHAMP | CASE NO.: 2:17-bk-25195-VZ<br>CHAPTER: 13 |
|---|---|
| | **ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(REAL PROPERTY)** |
| Debtor(s). | DATE: 1/23/2018<br>TIME: 9:30 am<br>COURTROOM: 1368<br>PLACE: Roybal Federal Building<br>255 E. Temple Street 13th Fl.<br>Los Angeles, CA 90012 |

**Movant:**

Bobs LLC

1. The Motion was:    ☐ Opposed    ☒ Unopposed    ☐ Settled by stipulation

2. The Motion affects the following real property (Property):

   *Street address*:   <u>17800 Tramonto Drive</u>
   *Unit/suite number*:
   *City, state, zip code*:   <u>Pacific Palisades, CA 90272</u>

   Legal description or document recording number (including county of recording):
   Instrument No. 20151593377, Recorded 12/18/2015, Los Angeles County.  Legal description attached as Exhibit "A"

   ☒ See attached page.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

3.  The Motion is granted under:

    a.  ☒  11 U.S.C. § 362(d)(1)

    b.  ☐  11 U.S.C. § 362(d)(2)

    c.  ☐  11 U.S.C. § 362(d)(3)

    d.  ☒  11 U.S.C. § 362(d)(4).  The filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors that involved:

        (1)  ☒  The transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval; and/or

        (2)  ☒  Multiple bankruptcy cases affecting the Property.

        (3)  ☒  The court   ☒ makes   ☐ does not make   ☐ cannot make
a finding that the Debtor was involved in this scheme.

        (4)  If recorded in compliance with applicable state laws governing notices of interests or liens in real property, this order shall be binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of this order by the court, except that a debtor in a subsequent case under this title may move for relief from this order based upon changed circumstances or for good cause shown, after notice and a hearing.  Any federal, state or local government unit that accepts notices of interests or liens in real property shall accept any certified copy of this order for indexing and recording.

4.  ☒  As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

    a.  ☒  Terminated as to the Debtor and the Debtor's bankruptcy estate.

    b.  ☐  Modified or conditioned as set forth in Exhibit _____ to this order.

    c.  ☐  Annulled retroactively to the bankruptcy petition date.  Any postpetition acts taken by Movant to enforce its remedies regarding the Property do not constitute a violation of the stay.

5.  ☒  Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a proof of claim pursuant to 11 U.S.C. § 501.

6.  ☐  Movant must not conduct a foreclosure sale of the Property before (*date*) _____.

7.  ☐  The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Agreement contained within this order.

8.  ☒  In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after entry of this order.  The secured portion of Movant's claim is deemed withdrawn upon entry of this order without prejudice to Movant's right to file an amended unsecured claim for any deficiency.  Absent a stipulation or order to the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this order.

9.  ☒  The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, as to the same terms and conditions as to the Debtor.

10.  ☒  The 14-day stay as provided in FRBP 4001(a)(3) is waived.

11.  This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

12.  Movant, or its agents, may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement.  Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                      Page 2                                      F 4001-1.RFS.RP.ORDER
Page 20

13. Upon entry of this order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

14. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy case concerning the Property for a period of 180 days from the hearing of this Motion

   (a) ☐ without further notice.

   (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

15. ☐ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

16. ☐ This order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:

   (a) ☐ without further notice.

   (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

17. ☐ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be

   (a) ☐ without further notice.

   (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

18. ☐ Other (*specify*):

###

Date: January 25, 2018

Vincent P. Zurzolo
United States Bankruptcy Judge

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 3                                    **F 4001-1.RFS.RP.ORDER**
Page 21

# EXHIBIT "A"

# EXHIBIT "A"

## EXHIBIT A

### LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

LOTS 4 AND 5, IN BLOCK 10 OF TRACT NO. 8923, IN THE CITY OF LOS ANGELES, STATE OF CALIFORNIA AS PER MAP RECORDS IN BOOK 118 PAGES 27 TO 35, INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM ALL OIL, GAS, MINERALS, AND OTHER HYDROCARBON SUBSTANCES LYING BELOW A DEPTH OF 500 FEET FROM THE SURFACE OF SAID PROPERTY, BUT WITH NO RIGHT OF SURFACE ENTRY, AS PROVIDED IN DEEDS OF RECORDS.

APN: 4416-020-055

Exhibit "A" page 1 of 1

EXHIBIT "C"

EXHIBIT "C"

 

**This page is part of your document - DO NOT DISCARD**



## 20151593377



**Pages:
0011**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**12/18/15 AT 08:00AM**

| | |
|---|---|
| FEES: | 100.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 100.00 |





**L E A D S H E E T**



**201512180290006**

**00011501239**



**007280857**

**SEQ:
01**

**ERDS - 8:00AM**



**THIS FORM IS NOT TO BE DUPLICATED**

E534011

E09_119075



LOS ANGELES,CA                    Page 1 of 11                    Printed on 3/28/2017 11:12:20 AM
Document: TD 2015.1593377

FIDELITY NATIONAL TITLE
MCLPC

**Recording Requested By**

Joseph Flores-Beauchamp, Trustee of the Joseph
Flores-Beauchamp Trust

**When Recorded Mail To**

Spring7 Loft, LLC
c/o Olympia Financial Mortgage, Inc.
16633 Ventura Boulevard, Suite 700
Encino, California 91436

Title Order No. 119075

Space above this line for recorder's use

## DEED OF TRUST AND ASSIGNMENT OF RENTS

RECORDER: INDEX FOR SPECIAL NOTICE

This Deed of Trust, made this 17 day of December, 2015, among the Trustor, **Joseph Flores-Beauchamp, Trustee of the Joseph Flores-Beauchamp Trust**, (referred to in this deed of trust sometimes as "Borrower" and sometimes as "Trustor"), **Fidelity National Title Company** (referred to in this Deed of Trust as "Trustee"), and the Beneficiary, **Spring7 Loft, LLC** (referred to in this Deed of Trust sometimes as "Lender" and sometimes as "Beneficiary"), with respect to properties (referred to as the "Property") located at **17800 Tramonto Drive, Pacific Palisades, California 90272** ( "the Property Addresses").

**CONVEYANCE AND GRANT.** For valuable consideration, Trustor conveys to Trustee in trust, with power of sale, for the benefit of Lender as Beneficiary:

All of Trustor's right, title and interest in and to the following described real property, See Exhibit A which is attached to this Deed of Trust and made a part of this Deed of Trust as if fully set forth herein commonly known as and by the address 17800 Tramonto Drive, Pacific Palisades, California 90272; and County of Los Angeles

TOGETHER WITH all existing or subsequently erected or affixed buildings, improvements and fixtures; other improvements now or hereafter erected on the Property including, without limitation, fixtures, attachments, appliances, equipment, machinery, and other personal property attached to such buildings and other improvements (the "Improvements"), all of which shall be deemed and construed to be a part of the real property; all interests, estates or other claims, both in law and in equity, which Trustor now has or may hereafter acquire in the Property or the Improvements; all easements, rights of way, and appurtenances; all leasehold estate, right, title and interest of Trustor in and to all leases or subleases covering the Property or the Improvements or any portion thereof now or hereafter existing or entered into, and all right, title and interest of Trustor thereunder including, without limitation, all rights of Trustor against guarantors thereof, all cash or security deposits, advance rentals, and deposits or payments of similar nature (collectively, the "Leases") all water and water rights flowing through, belonging or in any way appertaining to the Real Property; all rights (but none of the duties) of Trustor as declarant under any presently recorded declaration of covenants, restrictions and restrictions affecting real property and all other rights, royalties, and profits relating to the real property, including without limitation all minerals, oil, gas, geothermal and similar matters; all proceeds of the foregoing, (collectively, the "Real Property" or "Property").

**INDEBTEDNESS.** This Deed of Trust secures the indebtedness made pursuant to a Loan Agreement of even date between Trustor and Beneficiary (the "Loan Agreement"), and evidenced by a Promissory Note in the principal amount of **THREE MILLION FIVE HUNDRED THOUSAND DOLLARS ($3,500,000.00)** of even date including, without limitation, amounts due under this Deed of Trust, together with the payment of all other sums becoming due and payable to Beneficiary under the documents and instruments evidencing or securing the indebtedness (this Deed of Trust, the Loan Agreement, the Environmental Certificate and Indemnity Agreement and the Promissory Note shall be referred to collectively as the "Loan Documents"), and the performance of all covenants and obligations of Trustor under the Loan Documents, payment of all other obligations owed by the Trustor to Beneficiary that by their terms recite that they are secured by this Deed of Trust, and all modifications, extensions and renewals of any of the obligations secured hereby, however evidenced ("Indebtedness").

**ASSIGNMENT.** Trustor presently assigns to Lender (also known as Beneficiary) all of Trustor's right, title and interest in and to all present and future leases of the Property and all Rents from the Property including all cash or security deposits, advance rentals, percentage rentals and deposits or payments of similar nature. In addition, Trustor grants to Lender a Uniform Commercial Code

Page 1 of 9

security interest in the Personal Property and Rents.

**THIS DEED OF TRUST, INCLUDING THE ASSIGNMENT OF RENTS AND THE SECURITY INTEREST IN THE RENTS AND PERSONAL PROPERTY, IS GIVEN TO SECURE (A) PAYMENT OF THE INDEBTEDNESS AND (B) PERFORMANCE OF EACH OF TRUSTOR'S AGREEMENTS AND OBLIGATIONS UNDER THIS DEED OF TRUST. THIS DEED OF TRUST IS GIVEN AND ACCEPTED ON THE FOLLOWING TERMS:**

**PAYMENT AND PERFORMANCE.**  Except as otherwise provided in this Deed of Trust, Trustor shall pay to Lender all amounts secured by this Deed of Trust as they become due and shall strictly and in a timely manner perform all of Trustor's obligations under the Loan Agreement, this Deed of Trust and the Related Documents.

**POSSESSION AND MAINTENANCE OF THE PROPERTY.**

**Possession and Use.**  Until the occurrence of an Event of Default, Trustor may remain in possession and control of the Property, use, operate or manage the Property and  collect the Rents from the Property.  Trustor shall comply with all laws and ordinances affecting the property.

**Duty to Maintain.**  Trustor shall maintain the Property in good condition and promptly perform all repairs, replacements and maintenance necessary to preserve its value. Trustor shall complete the repair, replacement or maintenance ("repair") within thirty (30) days of learning of the need, whether by notice from Lender, any other lender or any employee or other person; provided, however, if the repair involves health or safety the repair shall be completed within three (3) days.  If it is not possible to complete the repair within the time provided, Trustor shall commence the repair within the time provided and will diligently complete it within a reasonable time. Trustor shall not remove or demolish any building or improvement without Lender's written consent.  Trustor authorizes Lender and its agents to enter upon the Property to make such inspections and tests as Lender may deem appropriate to determine compliance the terms of this Deed of Trust.

**Hazardous Substances.**  Trustor represents and warrants that, except as set forth in the report(s) delivered by Borrower to Lender (the "Report"), the Property never has been and never will be, so long as this Deed of Trust remains a lien on the Property, used for the generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance in violation of any Environmental Laws.  Trustor agrees to do whatever is necessary to bring the Property into compliance with the Environmental Laws within a reasonable time.  Trustor authorizes Lender and its agents to enter upon the Property to make such inspections and tests as Lender may deem appropriate to determine compliance of the Property with this section of the Deed of Trust. Trustor hereby (A) releases and waives any future claims against Lender for indemnity or contribution in the event Trustor becomes liable for cleanup or other costs under any such laws, and (B) agrees to indemnify and hold harmless Lender against any and all claims and losses resulting from a breach of this paragraph of the Deed of Trust. This obligation to indemnify shall survive the payment of the Indebtedness and the satisfaction of this Deed of Trust and shall be in addition to any separate environmental indemnity agreement executed by Trustor and Guarantor.

**DUE ON SALE - CONSENT BY LENDER.**  Lender may, at Lender's option, declare all sums secured by this Deed of Trust immediately due and payable upon the sale or transfer of all or any part of the Real Property or any interest in the Real Property without Lender's prior written consent.  A "sale or transfer" means the conveyance of Real Property or any right, title or interest in the Real Property, whether legal, beneficial or equitable, whether voluntary or involuntary, whether by outright sale, deed, installment sale contract, land contract, contract for deed, leasehold interest with a term greater than three (3) years, lease-option contract, or by sale, assignment, or transfer of any beneficial interest in or to any land trust holding title to the Real Property, by any transfer of ownership or control of the Borrower entity which holds legal title or by any other method of conveyance of an interest in the Real Property. However, this option shall not be exercised by Lender if such exercise is prohibited by federal or California law.

**TAXES AND LIENS.**

**Payment.**  Trustor shall pay when due (and in all events before delinquency) all taxes and assessments, including without limitation sales or use taxes in any state, local privilege or excise taxes based on gross revenues, special taxes charges (including water and sewer), fines and impositions levied against Trustor on account of the Property, and shall pay when due all claims for work done on or for services rendered or material furnished to the Property (collectively, "Charges"). Trustor shall maintain the Property free and clear of all liens having priority over, or of equal priority to, the interest of Lender under this Deed of Trust, except for the lien of taxes and assessments not due, the Existing Indebtedness referred to by this Deed of Trust and as otherwise provided in this Deed of Trust. Beneficiary shall have right, but not the duty or obligation, to charge Trustor for any such taxes or assessments in advance of payment. In no event does Beneficiary's failure to exercise this right relieve Trustor from Trustor's obligation under this Deed of Trust or impose any liability whatsoever on Beneficiary.

Page 2 of 9

**Impounds for Taxes and Insurance.** Unless paid as required by an institutional lender which is a holder of a prior mortgage or deed of trust, Borrower shall, until the Note is paid in full and upon request, pay to Lender on the same day monthly payments of principal and/or interest are to be paid under the Note, a sum ("Impounds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) and ground rents on the Property, if any, and any other charge which may attain priority over this Deed of Trust, together with one-twelfth of the yearly premium installments for hazard insurance and mortgage insurance, if any, (collectively, "the Installments") all as reasonably estimated by Lender, initially and from time to time, on the basis of prior obligations of Borrower or the previous title holder. Borrower shall not be obligated to deposit Impounds with Lender to the extent that Borrower makes such payments as required by an institutional lender which is a holder of a prior mortgage or deed of trust.

If Borrower deposits Impounds with Lender, the Impounds shall be held in an institution, the deposits or accounts of which are insured or guaranteed by a Federal or state agency. Lender shall apply the Impounds to pay taxes, assessments, insurance premiums and ground rents before delinquency or default. Lender may not charge for so holding and applying the Impounds, analyzing the account or verifying and compiling the Installments, unless Lender pays Borrower interest on the Impounds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Impounds shall be paid to Borrower, and unless such an agreement is made or applicable law requires that such interest be paid, Lender shall not be required to pay Borrower any interest or earnings on the Impounds. Lender shall provide to Borrower within a reasonable time after written request, without charge, an annual accounting of the Impounds showing credits and debits to the Impounds and the purpose for each debit to the Impounds. The Impounds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of Impounds held by Lender, together with the future monthly installments of Impounds payable before the due dates of the Installments shall exceed the amount required to pay them, such excess shall, at Borrower's option, be either promptly repaid to Borrower or credited to Borrower on monthly installments of Impounds. If the amount of the Impounds held by Lender is not sufficient to pay the Installments as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

At Lender's option, in its sole discretion, Lender may permit Borrower to open an Impound account in Borrower's name and provide to Lender each month on date payment on the Note is due proof of deposit and maintenance of the Impounds.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Impounds held by Lender. If under this Deed of Trust the Property is sold or Lender otherwise acquires the Property, Lender shall, no later than immediately prior to the sale of the Property or its acquisition by Lender, apply any Impounds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust. Lender shall have the right but not the obligation to pay any Installments and Charges which have become a prior lien.

**PROPERTY DAMAGE INSURANCE.**

**Maintenance of Insurance.** Trustor shall procure, no less than thirty (30) days before the expiration of the term of a previous policy, and maintain policies of fire insurance with standard extended coverage endorsements on a replacement basis for the full insurable value of all improvements on the Real Property in an amount sufficient to avoid application of any coinsurance clause and with a standard mortgagee clause in favor of Lender, together with such other hazard and liability insurance as Lender may reasonably require. Policies shall be written in form, amounts, coverages and basis reasonably acceptable to Lender and issued by a company or companies reasonably acceptable to Lender. Trustor, upon request of Lender, will deliver to Lender from time to time the policies or certificates of insurance in form satisfactory to Lender, including stipulations that coverages will not be cancelled or diminished without at least thirty (30) days prior written notice to Lender. **Each insurance policy also shall include an endorsement providing that coverage in favor of Lender will not be impaired in any way by any act, omission or default of Trustor or any other person.** Should the Real Property be located in an area designated by the Director of the Federal Emergency Management Agency as special flood hazard area, Trustor agrees to obtain and maintain Federal Flood Insurance, if available, within 45 days after notice is given by Lender that the Property is located in a special flood hazard area, for the full unpaid principal balance of the loan and any prior liens on the property securing the loan, up to he maximum policy limits set under National Flood Insurance Program, or as otherwise required by Lender, and to maintain such insurance for the term of the loan.

**LENDER'S EXPENDITURES.** If Trustor fails (A) to keep the Property free of all taxes, liens, security interests, encumbrances and other Charges, (B) to provide any required insurance on the Property, (C) to maintain and make repairs to the Property or to comply

Page 3 of 9

with any obligation to maintain "Existing Indebtedness" (see below) in good standing as required by this Deed of Trust, then Lender may do so. If any action or proceeding is commenced that would materially affect Lender's interests in the Property, then Lender, on Trustee's behalf, may, without notice to or demand upon Borrower, take any action that Lender believes to be appropriate to protect Lender's interests. **All expenses incurred or paid by Lender for such purposes will then be treated as a future advance and bear interest at the Default Rate stated in the Promissory Note** of even date with this Deed of Trust, charged from the earlier of the date incurred or paid by Lender to the date of repayment by Trustor. All such expenses will become a part of the indebtedness and, at Lender's option, will be payable on demand; or be added to the balance of the principal of the Promissory Note and be apportioned among and be payable with any installment payments to become due during either the term of any applicable insurance policy or the remaining term of the Loan Agreement, or be treated as a balloon payment which will be due and payable at the maturity of the Indebtedness. Lender shall be subrogated to the claims and liens of all parties whose claims are discharged by Lender's payment.

**WARRANTY; DEFENSE OF TITLE**

**Title.** Trustor warrants that: (A) Trustor holds good and marketable title of record to the Property in fee simple, all free and clear of all liens and encumbrances other than those set forth in the Real Property description or in the Existing Indebtedness section by this Deed of Trust or in any title insurance policy, title report, or final title opinion issued in favor of, and accepted by, Lender or have otherwise been previously disclosed to and accepted by Lender in writing in connection with this Deed of Trust, and (B) Trustor has the full right, power and authority to execute and deliver this Deed of Trust to Lender.

**Defense of Title.** Subject to the exception in the paragraph above, Trustor warrants and will forever defend the title to the Property against the lawful or unlawful claims of all persons.

**EXISTING INDEBTEDNESS.**

**Existing Lien.** The lien of this Deed of Trust securing the Indebtedness may be secondary and inferior to an existing lien securing an Existing Indebtedness. Trustor expressly covenants and agrees to pay, or see to the payment and performance of the Existing Indebtedness and to prevent any default on such indebtedness, any default under the instruments evidencing such indebtedness, or any default under any security documents for such indebtedness.

**EVENTS OF DEFAULT.** Trustor will be in default under this Deed of Trust if any of the following occurs: (A) Trustor commits fraud or a material misrepresentation at any time in connection with the Indebtedness or this Deed of Trust including, for example, a false statement about Trustor's income, assets, liabilities, or any other aspects of Trustor's financial condition. (B) Trustor does not meet the repayment terms of the Promissory note or the Indebtedness. C) Trustor is in breach of any obligation of the Deed of Trust or Promissory Note or Loan Agreement or related document. (E) Trustor's action or inaction adversely affects the collateral or Lender's rights in the collateral by, for example, failure to maintain required insurance, waste or destructive use of the dwelling, failure to pay taxes, death of all persons liable on the account, transfer of the Real Property, creation of a senior lien on the Real Property or personal property secured by this Deed of Trust without Lender's permission, foreclosure by the holder of another senior or junior lien.

**RIGHTS AND REMEDIES ON DEFAULT.** Upon the occurrence of any Event of Default, Trustee or Lender may exercise any one or more of the following rights and remedies:

**Election of Remedies.** All of Lender's rights and remedies will be cumulative and may be exercised alone or together. An election by Lender to choose any one remedy or any one or more of the Projects which constitute the Real Property will not bar Lender from using any other remedy or Project. If Lender decides to spend money or to perform any of Trustor's obligations under this Deed of Trust after Trustor's failure to do so, that decision by Lender will not affect Lender's right to declare Trustor in default and to exercise any one or more of Lender's remedies. Lender shall have the right, in its sole discretion, to accept payment in default of interest at the Note Rate rather than the Default Rate; however, in the event of a later default, Borrower shall immediately pay the difference between the Note Rate and the Default Rate on the prior default.

**Accelerate Indebtedness.** Lender shall have the right at its option without notice to Trustor to declare the entire Indebtedness immediately due and payable.

**Foreclosure.** With respect to all or any part of the Real Property, the Trustee shall have the right to foreclose one or more of the Projects by notice and sale, and Lender shall have the right to foreclose by judicial foreclosure, in either case, in accordance with and to the full extent provided by applicable law. To the extent permitted by law; Trustor shall be and remain liable for any deficiency remaining after sale, either pursuant to the power of sale or judicial proceedings and Lender may pursue its remedies under any Guaranty or other document.

Page 4 of 9

**DEFINITIONS**. In addition to the definitions contained in the body of the Deed of Trust, The following words shall have the following meaning when used in this Deed of Trust:

**Environmental Laws**. The words "Environmental Laws" mean any and all state, federal and local statutes, regulations and ordinances relating to the protection of human health or the environment, including without limitation the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. Section 9601, et seq. ("CERCLA "), the Superfund Amendments and Reauthorization Act of 1986, Pub. L. No. 99-499 ("SARA"), the Hazardous Materials Transportation Act, 49 U.S.C. Section 1801, et seq., the Resource Conservation and Recovery Act, 42 U.S.C. Section 6901, et seq., or other applicable state or federal laws, rules, or regulations adopted pursuant thereto and any other legislation dealing with the same or similar subject matter.

**Existing Lien/Existing Indebtedness**. The terms "Existing Lien" refers to liens which have priority over or equal to the lien of this Deed of Trust; "Existing Indebtedness" refers to the indebtedness secured by the Existing Lien.

**Improvements**. The word "Improvements" means all existing and future improvements, buildings, structures, mobile homes, facilities, additions, replacements and other construction on the Real Property or any other property affixed to the Real Property.

**Indebtedness**. The word "Indebtedness" also includes, for example, all principal, interest, and other amounts, costs and expenses payable under the Promissory Note or Loan Agreement, this Deed of Trust or Related Documents, together with all renewals, extensions, modifications, consolidations and substitutions for those documents and any amounts incurred, expended or advanced by Lender to discharge Trustor's obligations or expenses incurred by Trustee or Lender to enforce Trustor's obligations under this Deed of Trust, together with interest on such amounts as provided in this Deed of Trust.

**Loan Agreement**. The term "Loan Agreement" means any loan agreement between Trustor and Lender, together with all renewals, extensions, modifications, refinancings, consolidations and substitutions for the Promissory Note or loan agreement.

**Personal Property**. The words "Personal Property" mean all equipment, fixtures and other articles of personal property now or hereafter owned by Trustor, and now or hereafter attached or affixed to the Real Property, together with all accessions, parts and additions to, all replacements of, and all substitutions for any of such property together with all proceeds (including without limitation all insurance proceeds and refunds of premiums) from any sale or other disposition of the Personal Property.

**Related Documents**. The term "Related Documents" means all promissory notes, credit agreements, loan agreements, environmental agreements, guaranties, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the Indebtedness.

**Rents**. The word "Rents" means all present and future rents, revenues, income, issues, royalties, profits, percentage rents and other benefits derived from the Property.

---

**REQUEST FOR SPECIAL NOTICE OF DEFAULT AND FORECLOSURE
UNDER SUPERIOR MORTGAGES OR DEEDS OF TRUST**

---

In accordance with Section 2924b of the Civil Code, Request is hereby made by the undersigned Trustor that a copy of any default and a copy of any notice of sale under deeds of trust recorded in Book _____, Page(s) _____, Instrument No. _____, Official Records of County Recorder of _____ County, California. The original Trustor

_____ and the original Trustee

_____ and the original

Beneficiary _____

Mail to:

IN WITNESS WHEREOF, BORROWER HAS EXECUTED THIS DEED OF TRUST

_____    12-12-15    _____
Borrower  Joseph Flores-Beauchamp, Trustee of the    Date    Borrower    Date
         Joseph Flores-Beauchamp Trust

Page 6 of 9

**Other Remedies.** Trustee or Lender shall have any other right or remedy provided in this Deed of Trust or by law or in equity or by other rights and remedies afforded by California law by any means.

**Sale of the Property.** In exercising its rights and remedies, the Trustee or Lender shall be free to sell all or any part of the Real Property or of any separate parcel or project together or separately, in one sale or by separate sales. Lender shall be entitled to bid at any public sale on all or any portion of the Real Property.

**No Merger.** Unless Lender makes a written election otherwise, no purchase by Lender of any interest in the Property beyond the security interest created by this Deed of Trust shall operate as a merger of the interests of the Lender.

**Attorneys' Fees; Expenses.** If Lender institutes any suit or action to enforce any of the terms of this Deed of Trust, Lender shall be entitled to recover such amount as the court may find reasonable as attorneys' fees at trial and upon appeal together with any court costs . Whether or not any court action is involved, and to the extent not prohibited by law, all reasonable expenses Lender incurs that, in Lender's opinion, are necessary at any time for the protection of its interest or in the enforcement of its rights shall become a part of the Indebtedness payable on demand and shall bear interest at the Loan Agreement rate or Default Rate, if applicable, from the earlier of the date the expenditure is paid or incurred until repaid. Expenses covered by this paragraph, subject however to any limits under applicable law, include, without limitation, Lender's attorneys' fees and expenses, whether or not Lender brings is a lawsuit, including attorneys' fees and expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services, the cost of searching records, obtaining title reports (including foreclosure reports), surveyors' reports and appraisal fees, title insurance and fees for the Trustee.

**Default, Nonperformance of Condition or Waiver by Lender.** If Lender defaults in the performance of any obligation of this Deed of Trust, fails to perform any condition or waives any default or non-performance by Borrower, that action shall not be treated as a waiver of any of Lender's rights and shall apply only to the specific obligation, condition or right and not to any later performance by Borrower of that same or any other obligation.

**NONTITLED SPOUSES AND NON-BORROWER GRANTORS.** Any Grantor of Trustor who signs this Deed of Trust, or other security but does not execute the Note or Loan Agreement ("Non-borrower"): (A) is signing only to grant bargain, sell and convey such Non-borrower's interest in the Property under the terms of this Deed of Trust; (B) does not become personally obligated to pay the Indebtedness; and (C) agrees that without such Non-borrower Grantor's or Trustor's consent, Lender and any other Grantor or Trustor may agree to renew, extend, modify, forbear, accept partial payment or make any accommodations with regard to the terms of all promissory notes, credit agreements, loan agreements, environmental agreements, guaranties, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages, and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the obligation evidenced by the Promissory Note ("Related Document").

Any spouse of a Grantor or Trustor who is not in title to the Property who signs this Security Instrument: (D) is signing only to grant, bargain, sell and convey any marital and homestead rights of such spouse in the Property; (E) has not become personally obligated to pay the Indebtedness; and (F) agrees that without such spouse's consent, Lender and any other Grantor or Trustor may agree to renew, extend, modify, forbear, accept partial payments or make any accommodations with regard to the terms of any Related Document, except to the extent that such Non-borrower or spouse has executed any Loan Agreement, Guaranty or other evidence of personal indebtedness.

**MISCELLANEOUS PROVISIONS.**

**Governing Law.** In addition to applicable federal law, this Deed of Trust will be governed by and interpreted in accordance with the laws of the State of California. However, if there ever is a question about whether any provision of this Deed of Trust is valid or enforceable, the provision that is questioned will be governed by whichever state or federal law would find the provision to be valid and enforceable.

**Time is of the Essence.** Time is of the essence of the performance of this Deed of Trust.

**WAIVE JURY. ALL PARTIES TO THIS DEED OF TRUST HEREBY WAIVE THE RIGHT TO JURY TRIAL IN ANY ACTION, PROCEEDING OR COUNTERCLAIM BROUGHT BY ANY PARTY AGAINST ANY OTHER PARTY. This Deed of Trust may be subject to a separate Dispute Resolution Agreement.**
**Waiver of Homestead Exemption.** Trustor hereby releases and waives all rights and benefits of the homestead exemption laws of the State of California as to all indebtedness secured by this Deed of Trust.

Page 5 of 9

**ACKNOWLEDGMENT**

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of Los Angeles

On _Dec. 2_____, 2015, before me, _Sharon R. Felio_ a Notary Public, personally appeared _Joseph Flores Beauchamp_ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Sharon R. Felio_

SHARON R. FELICO
Commission # 2052375
Notary Public - California
Los Angeles County
My Comm. Expires Jan 14, 2019

Page **7** of **9**

**REQUEST FOR FULL RECONVEYANCE**

The undersigned is the holder of the note or notes secured by this Deed of Trust. Said note or notes, together with all **other indebtedness secured by this Deed of Trust, have been paid in full. You are hereby directed to cancel said note or notes and** this Deed of Trust, which are delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally entitled thereto.

_____     _____
Signature of Beneficiary (the "LENDER")        Date     Signature of Beneficiary (the "LENDER")        Date

When recorded, mail to

Att: _____

Page **8** of **9**

## 3-in-1 CERTIFICATION

Pursuant to the provisions of Government Code 27361.7, I certify under penalty of perjury that
the Notary Seal on the document to which this statement is attached reads as follows:

Name of Notary: _____Sharon R. Felico_____

Commission no.: _____205 23 75_____

County where bond is filed: _____CA_____

Commission expiration date: _____Jan 14, 2018_____

Vendor/Manufacturer's no: _____NNA1_____

Pursuant to the provisions of Government Code 27361.7, I certify under penalty of perjury that
the illegible portion of this document to which this statement is attached reads as follows:

_____

_____

_____

_____

_____

Pursuant to the provisions of Government Code 27361.7, I certify under penalty of perjury that
the illegible portion of this document to which this statement is attached reads as follows:

State of _____
County of _____
On_____before me,_____A NOTARY PUBLIC, personally appeared

_____, who proved to me on the basis of satisfactory evidence to be the person(s) whose
name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the
entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is
true and correct.

WITNESS my hand and official seal.
Signature                                    (Seal)

PLACE OF EXECUTION: _____Brea CA_____

DATE: _____, 2/17_____

SIGNATURE: _____

, DPS Agent

Exhibit A

Legal Description

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

LOTS 4 AND 5, IN BLOCK 10 OF TRACT NO. 8923, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA AS PER MAP RECORDS IN BOOK 118 PAGES 27 TO 35, INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM ALL OIL, GAS, MINERALS, AND OTHER HYDROCARBON SUBSTANCES LYING BELOW A DEPTH OF 500 FEET FROM THE SURFACE OF SAID PROPERTY, BUT WITH NO RIGHT OF SURFACE ENTRY, AS PROVIDED IN DEEDS OF RECORDS.

APN: 4416-020-055

Page **9** of **9**

LOS ANGELES,CA                Page 11 of 11            Printed on 3/28/2017 11:12:21 AM
Document: TD 2015.1593377

# EXHIBIT "D"

EXHIBIT "D"

CERTIFIED TO BE A TRUE AND
CORRECT COPY OF THE ORIGINAL

BY_____

# PROMISSORY NOTE

(Interest Only-Balloon Payment)

| | |
|---|---|
| Borrower: | Joseph Flores-Beauchamp, Trustee of the Joseph Flores-Beauchamp Trust and Lost Coast Ranch, Inc., a California corporation |
| Lender: | Spring7 Loft, LLC |

Principal Amount: $3,500,000.00                    "Date of Note:" December ____, 2015

**PROMISE TO PAY. Joseph Flores-Beauchamp, Trustee of the Joseph Flores-Beauchamp Trust and Lost Coast Ranch, Inc., a California corporation** ("Borrower") promises to pay to **Spring7 Loft, LLC** ("Lender") or order, in lawful money of the United States of America, the principal amount of THREE MILLION FIVE HUNDRED THOUSAND DOLLARS ($3,500,000.00) (which principal amount will be subject to additions to principal as explained further herein) together with interest at the Agreed Rate on the unpaid principal balance from the Date of Note until paid in full on Maturity Date, June ____, 2017. This Note evidences a loan made by Lender to Borrower pursuant to a Loan Agreement of even date herewith. Capitalized terms in the Promissory Note not defined herein shall have the meanings given such terms in the Loan Agreement.

**AGREED INTEREST RATE, FIXED.** The interest rate on this Note (the "Agreed Rate"), is twelve percent (12.00 %) per annum. Under no circumstances will the interest rate on this Note be more than the maximum rate allowed by applicable law.

**PAYMENT, ADDITIONS TO PRINCIPAL.** Borrower will pay this loan in accordance with the attached payment schedule. During the term of this loan, absent acceleration of this Note as provided for in this Note, Borrower agrees to prepay the interest due on this Note from the date of funding through December 31, 2015 at the rate of One Thousand One Hundred Sixty Six Dollars and Sixty Seven Cents ($1,166.67) per diem which shall be paid to Lender at the close of escrow of this loan. Additionally, Borrower shall pay Lender prepaid interest for the first nine (9) months of the term of this Loan, from January 1, 2016 to September 30, 2016, at the rate of Thirty Five Thousand Dollars ($35,000.00) per month, which shall be paid from the proceeds of this Loan at the close of escrow. Thereafter, Borrower shall make monthly installments of interest only in an amount not less than THIRTY FIVE THOUSAND DOLLARS ($35,000.00) commencing on November 1, 2016 and continuing on the first (1st) day of each and every month thereafter during the term of this Loan until all sums due are paid in full.

Notwithstanding anything to the contrary, interest will continue to accrue on the outstanding principal balance from the funding date. All unpaid principal and accrued but unpaid interest shall be due and payable on June ____, 2017 (the "Maturity Date"). Under no circumstances will lender grant any extension to the Maturity Date.

**This Promissory Note is secured by a Second Deed of Trust encumbering the real property located at 17800 Tramonto Drive, Pacific Palisades, California 90272 and a Fourth Deed of Trust encumbering the real property located at 26000 Mattole Road, Ferndale, California 95536, a**

1

**Continuing Guaranty, and other security agreements.** Unless otherwise agreed or required by applicable law, payments will be applied first to any accrued unpaid interest, then to any late charges, then to any unpaid collection costs and then to principal. Interest on this Note is computed monthly by applying the annual interest rate divided by twelve (12) and daily on the basis of a 360 day year. Borrower will pay Lender at Lender's address or at such other place as Lender may designate in writing.

**PREPAYMENT PENALTY.** Borrower shall have the right to prepay all or any part of the outstanding principal balance of this Note, together with interest accrued thereon through the date of prepayment, at any time, provided, however, that if the interest on the Loan paid and / or accrued through the date of repayment is less than nine (9) months interest hereunder (such shortfall being referred to as the "Minimum Interest Shortfall"), Borrower shall pay a prepayment penalty equal to the Minimum Interest Shortfall.

Payment on foreclosure or deed of trust sale shall be deemed a prepayment. Borrower agrees not to send Lender payments marked "paid in full," "without recourse," or similar language. If Borrower sends such a payment, Lender may accept it without losing any of Lender's rights under this Note and Borrower will remain obligated to pay any further amount owed to Lender.

**LATE CHARGE.** If a monthly interest payment is ten (10) days or more late after Due Date, and any notice which may be required by law has been given, in view of the difficulty of determining the exact amount of damages, Borrower shall pay a service fee of 10.00% of the unpaid portion of the monthly interest payment to Lender. If the principal and interest payment due at the Maturity Date (balloon payment) for which there is no cure period is late, in view of the difficulty of determining the exact amount of damages, Borrower shall pay a service fee of 10.00% of the unpaid balance or the maximum amount allowed by California law. Under no circumstances shall the late charges be more than the maximum rate allowed by law.

**Borrower's Agreements**. Borrower acknowledges that it would be extremely difficult or impracticable to determine Lender's actual damages resulting from any late payment or default, and such late charges do not constitute a penalty, Borrower further acknowledges that Lender's losses include, without limitation, the ability to invest amounts then due at the current rate of return and the unavailability of liquid funds. Borrower agrees that the Default Rate represents a reasonable sum considering all of the circumstances existing on the date of the execution of this Note and represents a reasonable estimate of the losses Lender will incur by reason of any late payment. Borrower further agrees that proof of actual losses would be costly, inconvenient, impracticable, and extremely difficult to fix. Acceptance of the interest at the Default Rate shall not constitute a waiver of any default with respect to the overdue payment and shall not prevent Lender from exercising any of the other rights and remedies available under this Note or any Loan Document. The remedies of Lender in this Note or in the Loan Documents, or at law or in equity, shall be cumulative and concurrent, and may be pursued singly, successively, or together, in Lender's discretion.

**DEFAULT INTEREST RATE.** So long as any Event of Default exists hereunder or under any other Document, regardless of whether or not there has been an acceleration of the indebtedness evidenced hereby, and at all times after maturity of the indebtedness evidenced hereby (whether by acceleration or

2

otherwise), interest shall accrue on the outstanding principal balance of this Note, from the date due until the date credited, at a rate per annum equal to One Hundred percent (100%) in excess of the Rate, or if such increased rate of interest may not be collected under applicable law, (as applicable), then at the maximum rate of interest, if any, which may be collected from Borrower under applicable law (as applicable, the "Default Interest Rate"), and such default interest shall be immediately due and payable. The interest rate shall not return to the Agreed Interest Rate until Borrower has cured the default in full, including the payment of any Late Charge, other charges called for in this Promissory Note, the Loan Agreement and interest at the Default Rate.

**DEFAULT**. Each of the following shall constitute an event of default (Event of Default") under this Note:

**Payment Default**. Borrower fails to make any payment when due under this Note; including, but not limited to, all principal and accrued interest due on the Maturity Note.

**Other Defaults in Obligations to Lender**. Borrower fails to perform any other term, obligation, covenant or condition contained in this Note or in any of the related documents or in any other agreement between Lender and Borrower.

**Event of Default Under Related Documents**. A default or event of default occurs under the terms of any promissory note, deed of trust, loan agreement, guaranty, pledge agreement, security agreement or other agreement ("Related Documents").

**Default In Favor of Third Parties**. Borrower or any guarantor defaults in favor of any other creditor or person under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement that may materially affect any of the Secured Property or Borrower's ability to repay this Note or perform Borrower's obligations under this Note or any of the Loan Documents.

**Judgment**. The entry of a judgment against any Borrower or guarantor, pledgor, accommodation party or other obligor which Lender deems, in Lender's sole discretion, to be of a material nature.

**False Statement**. Any statement, representation or warranty which Borrower makes to Lender or is made on Borrower's behalf with respect to this Note or the Loan Documents is false or misleading in any material respect either when made or at any time thereafter. Borrower shall promptly disclose circumstances which make the statement false or misleading.

**Creditor or Forfeiture Proceedings**. Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Borrower or by any governmental agency against any of the secured property including, for example, a garnishment of any of Borrower's accounts with Lender or others. However, this Event of Default shall not apply if there is a good faith dispute by Borrower as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and Borrower gives Lender written notice of the proceeding and deposits

3

with Lender monies or a surety bond in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute.

**Events Affecting Guarantor.** Any of the preceding events of default occur with respect to any guarantor, endorser, surety or accommodation party of any of the indebtedness or any guarantor, endorser, surety, or accommodation party dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any guaranty of the indebtedness evidenced by this Note.

**Adverse Change.** A material adverse change occurs in Borrower's financial condition, or Lender believes the prospect of payment or performance of this Note is substantially impaired or Lender, in good faith, believes itself insecure.

**Resignation/Withdrawal.** The resignation or withdrawal of any partner, member or material owner of Borrower or of any guarantor, pledgor, accommodation party or other obligor, as determined by Lender in its sole discretion.

**Death or Insolvency.** The death of Borrower or, if Borrower is an entity, the dissolution or the termination of its right to do business or the cessation of Borrower's existence as a going business, the insolvency of Borrower, the appointment of a receiver for any part of Borrower's property, any assignment for the benefit of creditors, any type of creditor workout or the commencement by Borrower of any proceeding under any bankruptcy or insolvency laws or the commencement of such proceedings by a creditor not dismissed within sixty (60) days.

<u>**USE OF PROCEEDS**</u>.  Loan proceeds are intended to be used primarily for business and commercial purposes and are not intended to be used for personal, family, or household purposes or in any manner which may result in the loan transaction not being exempt from Truth in Lending Act (TILA), 15 U.S.C.A. § 1602(h) or any similar or applicable consumer lending laws.

<u>**LENDER'S RIGHTS.**</u> Upon default, Lender may, in addition to other rights, declare the entire unpaid principal balance on this Note and all accrued, unpaid interest and all Fees provided in the Loan Agreement immediately due and payable.

<u>**WAIVER**</u>.  No previous waiver or failure or delay be Lender in acting with respect to the terms of this Note, Deed of Trust, or the other Loan Documents shall constitute a waiver of any breach, default, or failure of condition under this Note, the Deed of Trust, or the other Loan Documents. A waiver of any term of this Note, the Deed of Trust, or the other Loan Documents must be made in writing and will be limited to the express written terms of the waiver. If there are any inconsistencies between the terms of this Note and the terms of any of the other Loan Documents, the terms of this Note will prevail.

<u>**BORROWER TO PAY COSTS AND ATTORNEYS' FEES.**</u> Lender may hire or pay a third party to enforce the terms of and/or help collect amounts due under, this Note. Borrower shall pay Lender all such costs and expenses. Such costs and expenses include, without limitation, all costs including, without

4

limitation, attorney's fees, incurred by Lender in enforcing payment, whether or not suit is filed, and including, without limitation, all costs, attorneys' fees and expenses incurred by Lender in connection with any bankruptcy, reorganization, arrangement, or other similar proceedings, involving the undersigned that in any way affects the exercise by the holder of this Note of its rights and remedies under this Note. Borrower will pay to Lender all such costs and expenses, including attorney's fees, and other costs referred to in this Section upon demand, together with interest from the date of the demand at the Default Rate until paid in full.

**JURY WAIVER.** TO THE EXTEND PERMITTED BY CALIFORNIA LAW, LENDER AND BORROWER HEREBY WAIVE THE RIGHT TO A JURY TRIAL IN ANY ACTION, PROCEEDING OR COUNTERCLAIM BROUGHT BY EITHER LENDER OR BORROWER AGAINST THE OTHER.

**MAXIMUM CHARGES.** If a law which applies to this Note and which sets maximum loan charges is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limit, then any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit.

**GOVERNING LAW.** This Note will be governed by the laws of the State of California without regard to its conflict of law provisions; Lender may commence an action in the State of California, or where Lender is located and has accepted this Promissory Note.

**CHOICE OF VENUE.** If there is a lawsuit or any court proceedings, Borrower agrees, upon Lender's request, to submit to the jurisdiction of the courts of Los Angeles County in the State of California.

**ASSIGNMENT.** Lender may sell or offer to sell this Note, together with any and all documents guaranteeing, securing or otherwise relating to this Note, to one or more assignees without notice to or consent of Borrower. Lender is authorized to share any information it has pertaining to the loan evidenced by this Note, including without limitation credit information on the undersigned, any of its principals, or any guarantors of this Note, to any such assignee or prospective assignee.

**COUNTERPARTS.** This Note may be executed in any number of counterparts, each of which when so executed shall be deemed to be an original and all of which taken together shall constitute one and the same agreement.

**ADDRESS FOR NOTICES.** Any notice or communication permitted or required under this Note, shall be given in writing to Borrower at the address stated in this Note and shall be effective: a) when actually delivered, b) when actually transmitted to the fax number stated in this Note (if any), c) one business day after deposit with a nationally recognized overnight courier, or d) three business days after deposit in the United States mail, first class, certified or registered mail postage prepaid, to Lender at the address set forth below. Any party may change its address for notices under this Note by giving formal written notice to the other parties. Borrower agrees to keep Lender informed at all times of Borrower's current address.

5

Unless otherwise provided or required by law, if there is more than one Borrower, any notice given by Lender to any Borrower is deemed to be notice given to all Borrowers. Notwithstanding anything to the contrary herein all notices and communications to the Lender shall be directed to the following address:

| | |
|---|---|
| Lender: | Spring7 Loft, LLC |
| | c/o Olympia Financial Mortgage, Inc. |
| | 16633 Ventura Boulevard, Suite 700 |
| | Encino, California 91436 |
| | |
| Borrower: | Joseph Flores-Beauchamp |
| | 17800 Tramonto Drive |
| | Pacific Palisades, California 90272 |
| | |
| | Lost Coast Ranch, Inc. |
| | 17800 Tramonto Drive |
| | Pacific Palisades, California 90272 |

**JOINT AND SEVERAL LIABILITY.** If this Note is executed by more than one person or entity as Borrower, the obligations of each person or entity will be joint and several. No person or entity will be a mere accommodation maker, but each will be primarily and directly liable. Borrower waives presentment; demand; notice of dishonor; notice of default or delinquency; notice of acceleration; notice of protest and nonpayment; notice of costs, expenses, or losses and interest; notice of interest on interest and late charges; and diligence in taking any action to collect any sums owing under this Note or in proceeding against any of the rights or interests to properties securing payment of this Note. Time is of the essence with respect to every provision of this Note.

**SUCCESSOR IN INTEREST.** The terms of this Note shall be binding upon Borrower, and upon Borrower's heirs, personal representatives, successors and assigns, and shall inure to the benefit of Lender and its successors and assigns.

**USURY SAVINGS PROVISION.** Lender does not intend to contract for, charge or receive any interest or other charge which is usurious, and by execution of this Note, Borrower acknowledges that Lender has no such intent.  All agreements between Borrower and Lender, whether now existing or hereafter arising and whether written or oral, are hereby expressly limited so that in no event, whether by reason of acceleration of the maturity hereof, or otherwise, shall the amount paid or agreed to be paid to Lender for the use, forbearance or detention of the money to be loaned hereunder or otherwise or for the payment or performance of any covenant or obligation contained herein or in any other document evidencing, securing or pertaining to the indebtedness evidenced hereby, exceed the maximum amount permissible under applicable law.  If from any circumstance whatsoever fulfillment of any provision hereof or other documents, at the time performance of such provision shall be due, shall exceed the maximum amount prescribed by law, then, ipso facto, the obligations to be fulfilled shall be reduced to the limit of such validity, and if from any such circumstance Lender shall ever receive as interest or otherwise an amount which would exceed the highest lawful rate, such amount which would be excessive interest shall be

6

applied to reduce the principal amount owing hereunder or on account of any other principal indebtedness of Borrower to Lender and to the payment of interest, or if such excessive interest exceeds the unpaid balance of principal hereof and such other indebtedness, such excess shall be refunded to Borrower. All sums paid or agreed to be paid to Lender for the use, forbearance or detention of the indebtedness of Borrower to Lender shall, to the extent permitted by applicable law, be amortized, prorated, allocated and spread throughout the full term of such indebtedness until payment in full so that the actual rate of interest on account of such indebtedness does not exceed the maximum permitted by applicable law.

**THIS LOAN WAS ARRANGED BY A LICENSED CALIFORNIA REAL ESTATE BROKER,** OLYMPIA FINANCIAL MORTGAGE, INC., CABRE NO.: 08135402

BORROWER:    *Joseph Flores-Beauchamp, Trustee of the Joseph Flores Beauchamp Trust, and Lost Coast Ranch, Inc., a California corporation*

*Joseph Flores-Beauchamp, Trustee of the Joseph Flores Beauchamp Trust*

Joseph Flores-Beauchamp, Trustee of the
Joseph Flores Beauchamp Trust

Date signed:  12 - 12 - 15

*Lost Coast Ranch, Inc., a California corporation*

Ronald L. Patterson, Director

Date signed: 12 / 7 / 15

7

## SCHEDULE OF PAYMENTS TO PROMISSORY NOTE

Borrower:     Joseph Flores-Beauchamp, Trustee of the Joseph Flores Beauchamp Trust, and Lost Coast Ranch, Inc., a California corporation

Lender:     Spring7 Loft, LLC

Principal Amount: $3,500,000.00                              "Date of Note:" December __12__, 2015

| Principal Balance as of December 12, 2015: | | $3,500,000.00 |
|---|---|---|
| Prepaid Interest from the date of funding through December 31, 2015 at the rate of $1,166.67 per diem: | $_____ | |
| Loan Servicing Fee from the date of funding through December 31, 2015 at the rate of $96.25 per diem: | $_____ | |
| Prepaid Interest from January 1, 2016 to September 30, 2016 at the rate of Thirty Five Thousand Dollars ($35,000.00) per month: | $315,000.00 | |
| Prepaid Loan Servicing fee from January 1, 2016 to September 30, 2016 at the rate of $2,887.50 per month: | $25,987.50 | |
| Principal Balance as of October 1, 2016: | | $3,500,000.00 |
| Accrued Interest for October 1, 2016 – November 1, 2016: | $35,000.00 | |
| Loan Servicing Fee for October 1, 2016 – November 1, 2016: | $2,887.50 | |
| Total Payment due November 1, 2016: | $37,887.50 | |
| Principal Balance as of November 1, 2016: | | $3,500,000.00 |
| Accrued Interest for November 1, 2016 – December 1, 2016: | $35,000.00 | |
| Loan Servicing Fee for November 1, 2016 – December 1, 2016: | $2,887.50 | |
| Total Payment due December 1, 2016: | $37,887.50 | |
| Principal Balance as of December 1, 2016: | | $3,500,000.00 |
| Accrued Interest for December 1, 2016 – January 1, 2017: | $35,000.00 | |
| Loan Servicing Fee for December 1, 2016 – January 1, 2017: | $2,887.50 | |
| Total Payment due January 1, 2017: | $37,887.50 | |
| Principal Balance as of January 1, 2017: | | $3,500,000.00 |
| Accrued Interest for January 1, 2017 – February 1, 2017: | $35,000.00 | |
| Loan Servicing Fee for January 1, 2017 – February 1, 2017: | $2,887.50 | |
| Total Payment due February 1, 2017: | $37,887.50 | |
| Principal Balance as of February 1, 2017: | | $3,500,000.00 |
| Accrued Interest for February 1, 2017 – March 1, 2017: | $35,000.00 | |
| Loan Servicing Fee for February 1, 2017 – March 1, 2017: | $2,887.50 | |
| Total Payment due March 1, 2017: | $37,887.50 | |

Borrower's Initials                Borrower's Initials

8

| | | |
|---|---|---|
| Principal Balance as of March 1, 2017: | | $3,500,000.00 |
| Accrued Interest for March 1, 2017 – April 1, 2017: | $35,000.00 | |
| Loan Servicing Fee for March 1, 2017 – April 1, 2017: | $2,887.50 | |
| Total Payment due April 1, 2017: | $37,887.50 | |
| | | |
| Principal Balance as of April 1, 2017: | | $3,500,000.00 |
| Accrued Interest for April 1, 2017 – May 1, 2017: | $35,000.00 | |
| Loan Servicing Fee for April 1, 2017 – May 1, 2017: | $2,887.50 | |
| Total Payment due May 1, 2017: | $37,887.50 | |
| | | |
| Principal Balance as of May 1, 2017: | | $3,500,000.00 |
| Accrued Interest for May 1, 2017 – June 1, 2017: | $35,000.00 | |
| Loan Servicing Fee for May 1, 2017 – June 1, 2017: | $2,887.50 | |
| Total Payment Due June 1, 2017: | $37,887.50 | |

Accrued Interest from June 1, 2017 through June _____, 2017:    $_____

Loan Servicing from June 1, 2017 through June _____, 2017:    $_____

Principal and Unpaid Interest due June _____, 2017:                    $3,500,000.00

Borrower:      Joseph Flores-Beauchamp, Trustee of the Joseph Flores Beauchamp Trust, and Lost Coast
Ranch, Inc., a California corporation

_____
Joseph Flores-Beauchamp, Trustee of the Joseph
Flores Beauchamp Trust

Lost Coast Ranch, Inc., a California corporation

_____
Ronald L. Patterson, Director

9