EXHIBIT "E"

EXHIBIT "E"

RECORDER MEMO: This COPY is NOT an OFFICIAL RECORD.




**This page is part of your document - DO NOT DISCARD**



# 20170321311



**Pages:**
**0006**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**03/22/17 AT 08:00AM**

| | |
|---|---|
| FEES: | 30.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 30.00 |





**L E A D S H E E T**



201703223260015

**00013500153**



008218036

**SEQ:**
**01**

**SECURE - 8:00AM**



**THIS FORM IS NOT TO BE DUPLICATED**

E231463



RECORDER MEMO: This COPY is NOT an OFFICIAL RECORD.

RECORDER MEMO: This COPY is NOT an OFFICIAL RECORD.

FIDELITY NATIONAL TITLE
MCLPC

Recording requested by:

Spring7 Loft, LLC

and when recorded, mail to:

Bobs LLC
c/o Olympia Financial Mortgage, Inc.
16633 Ventura Boulevard, Suite 1050
Encino, California 91436

76073
APN: 4416-020-055

## ASSIGNMENT OF BENEFICIAL INTEREST IN DEED OF TRUST

     For value received, the undersigned hereby grants, assigns and transfers to **Bobs LLC** ("Assignee"), all of the undersigned's beneficial interest in that certain Deed of Trust dated December 12, 2015 executed by **Joseph Flores-Beauchamp, Trustee of the Joseph Flores-Beauchamp Trust** ("Borrower"), as trustor, in favor of the undersigned, as Beneficiary, which was recorded on December 18, 2015, as Instrument No. 20151593377 in Recorder's Office of the County of Los Angeles, State of California (the "Deed of Trust").

     Together, with the note or notes therein described or referred to, the money due and to become due with interest, and all rights accrued or to accrue under said Deed of Trust secured by real property located at: **17800 Tramonto Drive, Pacific Palisades, California 90272** and legally described in Exhibit A which is attached hereto and incorporated herein by reference.

     The undersigned has independently and contemporaneously assigned and transferred to Assignee, all of the undersigned's right, title and interest in and to the Promissory Note which is secured by the Deed of Trust. *SEE ATTACHED ASSIGNMENT OF LOAN DOCUMENTT + ALLONGE*

Dated: November 16, 2016

Assignor:

Spring7 Loft, LLC

By: _____

Name: _Yusiv Abbor_

its: _General Manager_

RECORDER MEMO: This COPY is NOT an OFFICIAL RECORD.

RECORDER MEMO: This COPY is NOT an OFFICIAL RECORD.

# ACKNOWLEDGMENT

A notary public or other officer completing this
certificate verifies only the identity of the individual
who signed the document to which this certificate is
attached, and not the truthfulness, accuracy, or
validity of that document.

State of California
County of __Los Angeles__                    )

On __November 16, 2016__ before me, __R Shy__, __NOTARY PUBLIC__
                                                (insert name and title of the officer)

personally appeared __Yaniv Avinex__
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

```
R. SHY
Comm. #2165300
Notary Public - California
Los Angeles County
Comm. expires Sep. 22, 2020
```

Signature _____        **(Seal)**

RECORDER MEMO: This COPY is NOT an OFFICIAL RECORD.

RECORDER MEMO: This COPY is NOT an OFFICIAL RECORD.

## EXHIBIT A

### LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

LOTS 4 AND 5, IN BLOCK 10 OF TRACT NO. 8923, IN THE CITY OF LOS ANGELES, STATE OF CALIFORNIA AS PER MAP RECORDS IN BOOK 118 PAGES 27 TO 35, INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM ALL OIL, GAS, MINERALS, AND OTHER HYDROCARBON SUBSTANCES LYING BELOW A DEPTH OF 500 FEET FROM THE SURFACE OF SAID PROPERTY, BUT WITH NO RIGHT OF SURFACE ENTRY, AS PROVIDED IN DEEDS OF RECORDS.

APN: 4416-020-055

RECORDER MEMO: This COPY is NOT an OFFICIAL RECORD.

RECORDER MEMO: This COPY is NOT an OFFICIAL RECORD.

### ASSIGNMENT OF LOAN DOCUMENTS

FOR VALUE RECEIVED, the undersigned, **Spring7 Loft, LLC** ("Assignor"), hereby absolutely and unconditionally transfers, conveys, and assigns to **Bobs LLC** ("Assignee") all of Assignor's right, title and interest in and to (i) all those Loan Documents described in Schedule 1 hereto, (ii) the Loan, and (iii) Assignor's security interests in the collateral securing the Loan. In connection therewith, Assignor hereby grants, sells, transfers, conveys, and assigns to Assignee the Loan Documents.

This Assignment is made pursuant to the terms and conditions of that certain Loan Purchase Agreement between Assignor and Assignee which, among other things, provides for an assignment and transfer to Assignee on as 'AS IS" AND "WITH ALL FAULTS" basis and without recourse or representation or warranty of any kind, express or implied.

Assignor hereby covenants and agrees to execute and deliver to Assignee any and all further documents an instruments reasonably required by Assignee to effectuate and perfect the grant, sale, transfer, conveyance and assignment contained in this Assignment of Loan Documents.

This Assignment shall be binding upon and shall inure to the benefit of Assignor and Assignee and its successors and assigns. (All capitalized terms not defined herein shall have the meaning ascribed to them in the aforementioned Loan Purchase and Sale Agreement.)

Dated: November 16, 2016        *Assignor:*

Spring7 Loft, LLC

By: _____

Name: *Yaniv Abuner*

Its: *General Manager*

RECORDER MEMO: This COPY is NOT an OFFICIAL RECORD.

RECORDER MEMO: This COPY is NOT an OFFICIAL RECORD.

## ALLONGE

THIS ALLONGE is attached to that certain Promissory Note for the principal sum of Three Million Five Hundred Thousand Dollars ($3,500,000.00) dated December 12, 2015 executed by **Joseph Flores-Beauchamp, Trustee of the Joseph Flores-Beauchamp Trust; and Lost Coast Ranch, Inc., a California corporation** ("Borrowers") in favor of **Spring7 Loft, LLC** ("Assignor").

Pay to the order of **Bobs LLC** ("Assignee") on as "as is" and "with all faults" basis and without recourse or representation or warranty of any kind express or implied.

Dated: November 16, 2016      *Assignor:*

Spring7 Loft, LLC

By: _____

Name: _Yaniv Abiner_____

Its: _General Manager_____

RECORDER MEMO: This COPY is NOT an OFFICIAL RECORD.

EXHIBIT "F"

EXHIBIT "F"

# First American Title Insurance Company

MORTGAGE SERVICES DIVISION
3 FIRST AMERICAN WAY, SANTA ANA, CA 92707

JULY 25, 2017

**BEST ALLIANCE FORECLOSURE & LIEN SE**
**16133 VENTURA BLVD, STE 700**
**ENCINO, CA 91436**
**ATTN: SID RICHMAN**

REFERENCE: **17-17053/FLORES-BEAUCHAMP**
OUR ORDER NUMBER: **8698226**

THE ITEMS ENCLOSED WERE PREPARED FOR THE SOLE USE OF THE HEREIN-NAMED TRUSTEE. THESE ITEMS SHOULD NOT BE RELIED UPON BY ANY THIRD PARTY AS A CONDITION OF TITLE.

**First American Title Insurance Company**
**Mortgage Services Division**

MARIE CRUZ
TITLE OFFICER
PH: 714-250-4433
**FX: 714-800-7866**

ENCLOSURE

|  First American Title | Trustee's Sale Guarantee |
| --- | --- |
| | ISSUED BY |
| | **First American Title Insurance Company** |
| **Guarantee** | GUARANTEE NUMBER |
| | **5002506-8698226** |

SUBJECT TO THE EXCLUSIONS FROM COVERAGE, THE LIMITS OF LIABILITY AND THE OTHER PROVISIONS OF THE CONDITIONS AND STIPULATIONS HERETO ANNEXED AND MADE A PART OF THIS GUARANTEE,

**FIRST AMERICAN TITLE INSURANCE COMPANY**
a Nebraska corporation, herein called the Company

**GUARANTEES**
the Assured named in Part 2 of this Guarantee

against loss not exceeding the liability amount stated in Part 2 which the Assured shall sustain by reason of any incorrectness in the assurance which the Company hereby gives that, according to the public records, as of the Date of Guarantee shown in Part 2:

1.  The title to the herein described estate or interest was vested in the vestee named, subject to the matters shown as Exceptions herein, which Exceptions are not necessarily shown in the order of their priority;

2.  The names and addresses of persons who have recorded requests, as provided by Section 2924b (a) and (d) of the California Civil Code, for a copy of notice of default and for a copy of notice of sale are as shown herein;

3.  The names and addresses of additional persons who, as provided by Section 2924b (c) (1) and (2) of the California Civil Code, are entitled to receive a copy of notice of default and a copy of notice of sale are as shown herein;

4.  The names and addresses of state taxing agencies which, as provided by Section 2924b (c) (3) of the California Civil Code, are entitled to receive a copy of notice of sale, are as shown herein;

5.  The addresses of the Internal Revenue Service which, as provided by Section 2924b (c) (4) of the California Civil Code, are entitled to receive a copy of notice of sale, are as shown herein; and

6.  The herein described land is located in the city or judicial district stated herein and, if designated, the newspaper or newspapers listed herein qualify for publication of notice pursuant to Section 2924f of the California Civil Code.

7.  The name and address of any association as defined in Section 1351(a) of the California Civil Code which, as provided by Section 2924b (f) of the California Civil Code, is entitled to receive a copy of any trustee's deed upon sale concerning a separate interest governed by the association is shown herein.

*First American Title Insurance Company*

Dennis J. Gilmore
President

Jeffrey S. Robinson
Secretary

## SCHEDULE OF EXCLUSIONS FROM COVERAGE OF THIS GUARANTEE

1. Except to the extent that specific assurances are provided in Schedule A of this Guarantee, the Company assumes no liability for loss or damage by reason of the following:

    (a) Defects, liens, encumbrances, adverse claims or other matters against the title, whether or not shown by the public records.

    (b) 1) Taxes or assessments of any taxing authority that levies taxes or assessments on real property; or, (2) Proceedings by a public agency which may result in taxes or assessments, or notices of such proceedings, whether or not the matters excluded under (1) or (2) are shown by the records of the taxing authority or by the public records.

    (c) (1) Unpatented mining claims; (2) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (3) water rights, claims or title to water, whether or not the matters excluded under (1), (2) or (3) are shown by the public records.

2. Notwithstanding any specific assurances which are provided in Schedule A of this Guarantee, the Company assumes no liability for loss or damage by reason of the following:

    (a) Defects, liens, encumbrances, adverse claims or other matters affecting the title to any property beyond the lines of the land expressly described in the description set forth in Schedule (A), (C) or in Part 2 of this Guarantee, or title to streets, roads, avenues, lanes, ways or waterways to which such land abuts, or the right to maintain therein vaults, tunnels, ramps or any structure or improvements; or any rights or easements therein, unless such property, rights or easements are expressly and specifically set forth in said description.

    (b) Defects, liens, encumbrances, adverse claims or other matters, whether or not shown by the public records; (1) which are created, suffered, assumed or agreed to by one or more of the Assureds; (2) which result in no loss to the Assured; or (3) which do not result in the invalidity or potential invalidity of any judicial or non-judicial proceeding which is within the scope and purpose of the assurances provided.

    (c) The identity of any party shown or referred to in Schedule A.

    (d) The validity, legal effect or priority of any matter shown or referred to in this Guarantee.

## GUARANTEE CONDITIONS AND STIPULATIONS

**1. Definition of Terms.**
The following terms when used in the Guarantee mean:

    (a) the "Assured": the party or parties named as the Assured in this Guarantee, or on a supplemental writing executed by the Company.

    (b) "land": the land described or referred to in Schedule (A)(C) or in Part 2, and improvements affixed thereto which by law constitute real property. The term "land" does not include any property beyond the lines of the area described or referred to in Schedule (A)(C) or in Part 2, nor any right, title, interest, estate or easement in abutting streets, roads, avenues, alleys, lanes, ways or waterways.

    (c) "mortgage": mortgage, deed of trust, trust deed, or security instrument.

    (d) "public records": records established under state statutes at Date of Guarantee for the purpose of imparting constructive notice of matters relating to real property to purchasers for value and without knowledge.

    (e) "date": the effective date.

**2. Notice of Claim to be Given by Assured Claimant.**
An Assured shall notify the Company promptly in writing in case knowledge shall come to an Assured hereunder of any claim of title or interest which is adverse to the title to the estate or interest, as stated herein, and which might cause loss or damage for which the Company may be liable by virtue of this Guarantee. If prompt notice shall not be given to the Company, then all liability of the Company shall terminate with regard to the matter or matters for which prompt notice is required; provided, however, that failure to notify the Company shall in no case prejudice the rights of any Assured unless the Company shall be prejudiced by the failure and then only to the extent of the prejudice.

**3. No Duty to Defend or Prosecute.**
The Company shall have no duty to defend or prosecute any action or proceeding to which the Assured is a party, notwithstanding the nature of any allegation in such action or proceeding.

**4. Company's Option to Defend or Prosecute Actions; Duty of Assured Claimant to Cooperate.**
Even though the Company has no duty to defend or prosecute as set forth in Paragraph 3 above:

    (a) The Company shall have the right, at its sole option and cost, to institute and prosecute any action or proceeding, interpose a defense, as limited in (b), or to do any other act which in its opinion may be necessary or desirable to establish the title to the estate or interest as stated herein, or to establish the lien rights of the Assured, or to prevent or reduce loss or damage to the Assured. The Company may take any appropriate action under the terms of this Guarantee, whether or not it shall be liable hereunder, and shall not thereby concede liability or waive any provision of this Guarantee. If the Company shall exercise its rights under this paragraph, it shall do so diligently.

    (b) If the Company elects to exercise its options as stated in Paragraph 4(a) the Company shall have the right to select counsel of its choice (subject to the right of such Assured to object for reasonable cause) to represent the Assured and shall not be liable for and will not pay the fees of any other counsel, nor will the Company pay any fees, costs or expenses incurred by an Assured in the defense of those causes of action which allege matters not covered by this Guarantee.

(c)   Whenever the Company shall have brought an action or interposed a defense as permitted by the provisions of this Guarantee, the Company may pursue any litigation to final determination by a court of competent jurisdiction and expressly reserves the right, in its sole discretion, to appeal from an adverse judgment or order.

(d)   In all cases where this Guarantee permits the Company to prosecute or provide for the defense of any action or proceeding, an Assured shall secure to the Company the right to so prosecute or provide for the defense of any action or proceeding, and all appeals therein, and permit the Company to use, at its option, the name of such Assured for this purpose.   Whenever requested by the Company, an Assured, at the Company's expense, shall give the Company all reasonable aid in any action or proceeding, securing evidence, obtaining witnesses, prosecuting or defending the action or lawful act which in the opinion of the Company may be necessary or desirable to establish the title to the estate or interest as stated herein, or to establish the lien rights of the Assured.  If the Company is prejudiced by the failure of the Assured to furnish the required cooperation, the Company's obligations to the Assured under the Guarantee shall terminate.

**5.   Proof of Loss or Damage.**
In addition to and after the notices required under Section 2 of these Conditions and Stipulations have been provided to the Company, a proof of loss or damage signed and sworn to by the Assured shall be furnished to the Company within ninety (90) days after the Assured shall ascertain the facts giving rise to the loss or damage.   The proof of loss or damage shall describe the matters covered by this Guarantee which constitute the basis of loss or damage and shall state, to the extent possible, the basis of calculating the amount of the loss or damage.  If the Company is prejudiced by the failure of the Assured to provide the required proof of loss or damage, the Company's obligation to such assured under the Guarantee shall terminate.   In addition, the Assured may reasonably be required to submit to examination under oath by any authorized representative of the Company and shall produce for examination, inspection and copying, at such reasonable times and places as may be designated by any authorized representative of the Company, all records, books, ledgers, checks, correspondence and memoranda, whether bearing a date before or after Date of Guarantee, which reasonably pertain to the loss or damage.  Further, if requested by any authorized representative of the Company, the Assured shall grant its permission, in writing, for any authorized representative of the Company to examine, inspect and copy all records, books, ledgers, checks, correspondence and memoranda in the custody or control of a third party, which reasonably pertain to the loss or damage.  All information designated as confidential by the Assured provided to the Company pursuant to this Section shall not be disclosed to others unless, in the reasonable judgment of the Company, it is necessary in the administration of the claim.  Failure of the Assured to submit for examination under oath, produce other reasonably requested information or grant permission to secure reasonably necessary information from third parties as required in the above paragraph, unless prohibited by law or governmental regulation, shall terminate any liability of the Company under this Guarantee to the Assured for that claim.

**6.   Options to Pay or Otherwise Settle Claims:   Termination of Liability.**
In case of a claim under this Guarantee, the Company shall have the following additional options:

(a)   To Pay or Tender Payment of the Amount of Liability or to Purchase the Indebtedness.
The Company shall have the option to pay or settle or compromise for or in the name of the Assured any claim which could result in loss to the Assured within the coverage of this Guarantee, or to pay the full amount of this Guarantee or, if this Guarantee is issued for the benefit of a holder of a mortgage or a lienholder, the Company shall have the option to purchase the indebtedness secured by said mortgage or said lien for the amount owing thereon, together with any costs, reasonable attorneys' fees and expenses incurred by the Assured claimant which were authorized by the Company up to the time of purchase.
Such purchase, payment or tender of payment of the full amount of the Guarantee shall terminate all liability of the Company hereunder.   In the event after notice of claim has been given to the Company by the Assured the Company offers to purchase said indebtedness, the owner of such indebtedness shall transfer and assign said indebtedness, together with any collateral security, to the Company upon payment of the purchase price.
Upon the exercise by the Company of the option provided for in Paragraph (a) the Company's obligation to the Assured under this Guarantee for the claimed loss or damage, other than to make the payment required in that paragraph, shall terminate, including any obligation to continue the defense or prosecution of any litigation for which the Company has exercised its options under Paragraph 4, and the Guarantee shall be surrendered to the Company for cancellation.

(b)   To Pay or Otherwise Settle With Parties Other Than the Assured or With the Assured Claimant.
To pay or otherwise settle with other parties for or in the name of an Assured claimant any claim assured against under this Guarantee, together with any costs, attorneys' fees and expenses incurred by the Assured claimant which were authorized by the Company up to the time of payment and which the Company is obligated to pay.
Upon the exercise by the Company of the option provided for in Paragraph (b) the Company's obligation to the Assured under this Guarantee for the claimed loss or damage, other than to make the payment required in that paragraph, shall terminate, including any obligation to continue the defense or prosecution of any litigation for which the Company has exercised its options under Paragraph 4.

**7.   Determination and Extent of Liability.**
This Guarantee is a contract of Indemnity against actual monetary loss or damage sustained or incurred by the Assured claimant who has suffered loss or damage by reason of reliance upon the assurances set forth in this Guarantee and only to the extent herein described, and subject to the Exclusions From Coverage of This Guarantee.
The liability of the Company under this Guarantee to the Assured shall not exceed the least of:

(a)   the amount of liability stated in Schedule A or in Part 2;

(b) the amount of the unpaid principal indebtedness secured by the mortgage of an Assured mortgagee, as limited or provided under Section 6 of these Conditions and Stipulations or as reduced under Section 9 of these Conditions and Stipulations, at the time the loss or damage assured against by this Guarantee occurs, together with interest thereon; or

(c) the difference between the value of the estate or interest covered hereby as stated herein and the value of the estate or interest subject to any defect, lien or encumbrance assured against by this Guarantee.

**8. Limitation of Liability.**

(a) If the Company establishes the title, or removes the alleged defect, lien or encumbrance, or cures any other matter assured against by this Guarantee in a reasonably diligent manner by any method, including litigation and the completion of any appeals therefrom, it shall have fully performed its obligations with respect to that matter and shall not be liable for any loss or damage caused thereby.

(b) In the event of any litigation by the Company or with the Company's consent, the Company shall have no liability for loss or damage until there has been a final determination by a court of competent jurisdiction, and disposition of all appeals therefrom, adverse to the title, as stated herein.

(c) The Company shall not be liable for loss or damage to any Assured for liability voluntarily assumed by the Assured in settling any claim or suit without the prior written consent of the Company.

**9. Reduction of Liability or Termination of Liability.**

All payments under this Guarantee, except payments made for costs, attorneys' fees and expenses pursuant to Paragraph 4 shall reduce the amount of liability pro tanto.

**10. Payment of Loss.**

(a) No payment shall be made without producing this Guarantee for endorsement of the payment unless the Guarantee has been lost or destroyed, in which case proof of loss or destruction shall be furnished to the satisfaction of the Company.

(b) When liability and the extent of loss or damage has been definitely fixed in accordance with these Conditions and Stipulations, the loss or damage shall be payable within thirty (30) days thereafter.

**11. Subrogation Upon Payment or Settlement.**

Whenever the Company shall have settled and paid a claim under this Guarantee, all right of subrogation shall vest in the Company unaffected by any act of the Assured claimant. The Company shall be subrogated to and be entitled to all rights and remedies which the Assured would have had against any person or property in respect to the claim had this Guarantee not been issued. If requested by the Company, the Assured shall transfer to the Company all rights and remedies against any person or property necessary in order to perfect this right of subrogation. The Assured shall permit the Company to sue, compromise or settle in the name of the Assured and to use the name of the Assured in any transaction or litigation involving these rights or remedies.

If a payment on account of a claim does not fully cover the loss of the Assured the Company shall be subrogated to all rights and remedies of the Assured after the Assured shall have recovered its principal, interest, and costs of collection.

**12. Arbitration.**

Unless prohibited by applicable law, either the Company or the Assured may demand arbitration pursuant to the Title Insurance Arbitration Rules of the American Arbitration Association. Arbitrable matters may include, but are not limited to, any controversy or claim between the Company and the Assured arising out of or relating to this Guarantee, any service of the Company in connection with its issuance or the breach of a Guarantee provision or other obligation. All arbitrable matters when the Amount of Liability is $1,000,000 or less shall be arbitrated at the option of either the Company or the Assured. All arbitrable matters when the amount of liability is in excess of $1,000,000 shall be arbitrated only when agreed to by both the Company and the Assured. The Rules in effect at Date of Guarantee shall be binding upon the parties. The award may include attorneys' fees only if the laws of the state in which the land is located permits a court to award attorneys' fees to a prevailing party. Judgment upon the award rendered by the Arbitrator(s) may be entered in any court having jurisdiction thereof.

The law of the situs of the land shall apply to an arbitration under the Title Insurance Arbitration Rules.

A copy of the Rules may be obtained from the Company upon request.

**13. Liability Limited to This Guarantee; Guarantee Entire Contract.**

(a) This Guarantee together with all endorsements, if any, attached hereto by the Company is the entire Guarantee and contract between the Assured and the Company. In interpreting any provision of this Guarantee, this Guarantee shall be construed as a whole.

(b) Any claim of loss or damage, whether or not based on negligence, or any action asserting such claim, shall be restricted to this Guarantee.

(c) No amendment of or endorsement to this Guarantee can be made except by a writing endorsed hereon or attached hereto signed by either the President, a Vice President, the Secretary, an Assistant Secretary, or validating officer or authorized signatory of the Company.

**14. Notices, Where Sent.**

All notices required to be given the Company and any statement in writing required to be furnished the Company shall include the number of this Guarantee and shall be addressed to the Company at **First American Title Insurance Company, Attn: Claims National Intake Center, 1 First American Way, Santa Ana, California 92707.**

Form 5002506 (8-1-09)

| | Trustee's Sale Guarantee |
|---|---|
| First American Title | |
| | ISSUED BY |
| | First American Title Insurance Company |
| **Schedule A** | GUARANTEE NUMBER |
| | 5002506-8698226 |

File No.: 17-17053

Liability: $4,000,000.00

Dated: JULY 24, 2017 AT **7:30 A.M.**

Fee: $.00

1. Name of Assured:

   **BEST ALLIANCE FORECLOSURE & LIEN SERVICES CORP., AS TRUSTEE
   AND BOBS LLC, AS BENEFICIARY**

2. Title to said estate or interest at the date hereof is vested in:

   **JOSEPH FLORES-BEAUCHAMP, TRUSTEE OF THE JOSEPF FLORES-BEAUCHAMP TRUST**

3. The estate or interest in the land hereinafter described or referred to covered by this Guarantee is:

   **A FEE**

4. The land referred to in this Guarantee is situated in the County of LOS ANGELES, State of California, CITY OF LOS ANGELES and is described as follows:

   LOTS 4 AND 5, IN BLOCK 10 OF TRACT NO. 8923, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA AS PER MAP RECORDS IN BOOK 118 PAGES 27 TO 35, INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

   EXCEPT THEREFROM ALL OIL, GAS, MINERALS, AND OTHER HYDROCARBON SUBSTANCES LYING BELOW A DEPTH OF 500 FEET FROM THE SURFACE OF SAID PROPERTY, BUT WITH NO RIGHT OF SURFACE ENTRY, AS PROVIDED IN DEEDS OF RECORDS.

| | Trustee's Sale Guarantee |
|---|---|
| *First American Title* | |
| | ISSUED BY<br>First American  Title Insurance  Company |
| **Schedule B** | GUARANTEE NUMBER<br>5002506-8698226 |

File No.: 17-17053

<u>**EXCEPTIONS**</u>

(All recording data refer to records in the office of the County Recorder in the County in which the land is situated.)

Any failure by the foreclosing Trustee or Beneficiary to comply with the requirements of a County or City Ordinance, if any, as it pertains to the maintenance of the property described herein, prior to or during the foreclosure process.

1.  GENERAL AND SPECIAL TAXES FOR THE FISCAL YEAR **2017-2018** A LIEN NOT YET DUE OR PAYABLE.

2.  GENERAL AND SPECIAL TAXES FOR THE FISCAL YEAR **2016-2017**
1ST INSTALLMENT:          **$27,164.53**, **PAID**
PENALTY AMOUNT:        **$2,716.45**
2ND INSTALLMENT:        **$27,164.52**, **PAID**
PENALTY AMOUNT:        **$2,726.45**
CODE AREA:                    **00067**
A.P. NUMBER:                 **4416-020-055**
EXEMPTION:                   **$7,000.00**
LAND AMOUNT:              **$3,303,369.00**
IMPROVEMENT:              **$1,223,465.00**
TOTAL AMOUNT:            **$4,519,834.00**

3.  THE LIEN OF SUPPLEMENTAL TAXES ASSESSED PURSUANT TO CHAPTER 3.5 COMMENCING WITH SECTION 75 OF THE CALIFORNIA REVENUE AND TAXATION CODE.

4.  THE PROPERTY COVERED HEREIN LIES WITHIN THE BOUNDARIES OF VARIOUS ASSESSMENT DISTRICTS AND ANY AMENDMENTS THERETO.

5.  COVENANTS, CONDITIONS, RESTRICTIONS AND EASEMENTS IN THE DOCUMENT RECORDED  AS **BOOK 6006 PAGE 193 AND IN BOOK 6020 PAGE 179, BOTH** OF OFFICIAL RECORDS, WHICH PROVIDE THAT A VIOLATION THEREOF SHALL NOT DEFEAT OR RENDER INVALID THE LIEN OF ANY FIRST MORTGAGE OR DEED OF TRUST MADE IN GOOD FAITH AND FOR VALUE, BUT DELETING ANY COVENANT, CONDITION OR RESTRICTION INDICATING A PREFERENCE, LIMITATION OR DISCRIMINATION BASED ON RACE, COLOR, RELIGION, SEX, HANDICAP, FAMILIAL STATUS, OR NATIONAL ORIGIN, TO THE EXTENT SUCH COVENANTS, CONDITIONS OR RESTRICTIONS VIOLATE TITLE 42, SECTION 3604(c), OF THE UNITED STATES CODES.

NOTE 1: DOCUMENTS DECLARING MODIFICATIONS THEREOF RECORDED  AS **BOOK 14242 PAGE 39 OF OFFICIAL RECORDS AND RECORDED IN BOOK 23381 PAGE 252 OF OFFICIAL RECORDS AND RECORDED IN BOOK 27761 PAGE 143** OF OFFICIAL RECORDS AND RECORDED  AS **BOOK 38182 PAGE 251** OF OFFICIAL RECORDS.

6.  COVENANTS, CONDITIONS, RESTRICTIONS AND EASEMENTS IN THE DOCUMENT RECORDED   AS **BOOK M1424 PAGE 526** OF OFFICIAL RECORDS, WHICH PROVIDE THAT A VIOLATION THEREOF SHALL NOT DEFEAT OR RENDER INVALID THE LIEN OF ANY FIRST MORTGAGE OR DEED OF TRUST MADE IN GOOD FAITH AND FOR VALUE, BUT DELETING ANY COVENANT, CONDITION OR RESTRICTION INDICATING A PREFERENCE, LIMITATION OR DISCRIMINATION BASED ON RACE, COLOR, RELIGION, SEX, HANDICAP, FAMILIAL STATUS, OR NATIONAL ORIGIN, TO THE EXTENT SUCH COVENANTS, CONDITIONS OR RESTRICTIONS VIOLATE TITLE 42, SECTION 3604(c), OF THE UNITED STATES CODES.

NOTE 1: DOCUMENTS DECLARING MODIFICATIONS THEREOF RECORDED **OCTOBER 31, 1978** AS **INSTRUMENT NO. 78-1213528 OF OFFICIAL RECORDS AND RECORDED NOVEMBER 1, 1989 AS INSTRUMENT NO. 89-1763291** OF OFFICIAL RECORDS AND RECORDED **AUGUST 10, 1998** AS **INSTRUMENT NO. 98-1398066** OF OFFICIAL RECORDS.

7. A DEED OF TRUST TO SECURE AN ORIGINAL INDEBTEDNESS OF **$400,000.00**, AND ANY OTHER AMOUNTS OR OBLIGATIONS SECURED THEREBY, RECORDED **APRIL 30, 2002** AS **INSTRUMENT NO. 02 0993304** OF OFFICIAL RECORDS.

| | |
|---|---|
| DATED: | **JANUARY 15, 2002** |
| TRUSTOR: | **ORIE RECHTMAN, A MARRIED MAN** |
| TRUSTEE: | **FIDELITY NATIONAL TITLE INSURANCE COMPANY, A CORPORATION** |
| BENEFICIARY: | **CHAVA RECHTMAN** |

8. THE TERMS AND PROVISIONS CONTAINED IN THE DOCUMENT ENTITLED "**COVENANT AND AGREEMENT**", RECORDED **JULY 02, 2002**, AS **INSTRUMENT NO. 02-1502332** OF OFFICIAL RECORDS.

9. A DECLARATION OF HOMESTEAD EXECUTED BY **JOSEPH FLORES-BEAUCHAMP**, RECORDED **JANUARY 17, 2003** AS **INSTRUMENT NO. 03 0165558** OF OFFICIAL RECORDS.

10. A DEED OF TRUST TO SECURE AN ORIGINAL INDEBTEDNESS OF **$3,000,000.00**, AND ANY OTHER AMOUNTS OR OBLIGATIONS SECURED THEREBY, RECORDED **SEPTEMBER 20, 2005** AS **INSTRUMENT NO. 05 2261710** OF OFFICIAL RECORDS.

| | |
|---|---|
| DATED: | **SEPTEMBER 12, 2005** |
| TRUSTOR: | **JOSEPH FLORES-BEAUCHAMP, A SINGLE PERSON** |
| TRUSTEE: | **FIDELITY NATIONAL TITLE INS CO** |
| BENEFICIARY: | **WELLS FARGO BANK, N.A.** |

NOTE 1: A DOCUMENT RECORDED **FEBRUARY 17, 2017** AS **INSTRUMENT NO. 20170200076** OF OFFICIAL RECORDS EXECUTED BY **WELLS FARGO BANK, N.A. BY: MICHAEL GONZALES, ERICA LOFTIS, OR NABEEL ZUBERI ITS: ATTORNEY-IN-FACT** PROVIDES THAT **NBS DEFAULT SERVICES, LLC** WAS SUBSTITUTED AS TRUSTEE UNDER THE **DEED OF TRUST**.

NOTE 2: A NOTICE OF DEFAULT RECORDED **JUNE 07, 2017** AS **INSTRUMENT NO. 20170624515** OF OFFICIAL RECORDS.

11. A NOTICE OF SUBSTANDARD BUILDING RECORDED **JUNE 23, 2006** AS **INSTRUMENT NO. 06 1390343** OF OFFICIAL RECORDS. REFERENCE IS MADE TO THE RECORD FOR PARTICULARS.

SAID MATTER AFFECTS: **LOT 4 BLOCK 10**

12. A DOCUMENT ENTITLED "**DEED RESTRICTION**" RECORDED **FEBRUARY 03, 2015** AS **INSTRUMENT NO. 20150122246** OF OFFICIAL RECORDS.

13. A DOCUMENT ENTITLED "**DEED RESTRICTION**" RECORDED **MAY 07, 2015** AS **INSTRUMENT NO. 20150531587** OF OFFICIAL RECORDS.

14. A DEED OF TRUST TO SECURE AN ORIGINAL INDEBTEDNESS OF **$3,500,000.00**, AND ANY OTHER AMOUNTS OR OBLIGATIONS SECURED THEREBY, RECORDED **DECEMBER 18, 2015** AS **INSTRUMENT NO. 20151593377** OF OFFICIAL RECORDS.

| | |
|---|---|
| DATED: | **DECEMBER 12, 2015** |
| TRUSTOR: | **JOSEPH FLORES-BEAUCHAMP, TRUSTEE OF THE JOSEPH FLORES-BEAUCHAMP TRUST** |
| TRUSTEE: | **FIDELITY NATIONAL TITLE COMPANY** |
| BENEFICIARY: | **SPRING7 LOFT, LLC** |

NOTE 1: AN INSTRUMENT ENTITLED "**ASSIGNMENT OF BENEFICIAL INTEREST IN DEED OF TRUST**", RELATING TO THE ABOVE MENTIONED DEED OF TRUST, WAS RECORDED **MARCH 22, 2017** AS **INSTRUMENT NO. 20170321311** OF OFFICIAL RECORDS, EXECUTED BY **SPRING7 LOFT, LLC** TO **BOBS LLC**.

NOTE 2: A DOCUMENT RECORDED **JULY 24, 2017** AS **INSTRUMENT NO. 20170825079** OF OFFICIAL RECORDS EXECUTED BY **BOBS LLC** PROVIDES THAT **BEST ALLIANCE FORECLOSURE AND LIEN SERVICES CORP.** WAS SUBSTITUTED AS TRUSTEE UNDER THE **DEED OF TRUST**.

NOTE 3: A NOTICE OF DEFAULT RECORDED **JULY 24, 2017** AS **INSTRUMENT NO. 20170825080** OF OFFICIAL RECORDS.

15. VARIOUS GENERAL LIENS (NONE OF WHICH ARE FEDERAL OR STATE TAX LIENS) THAT MAY HAVE BEEN RECORDED AGAINST PERSONS HOLDING TITLE TO SAID LAND NOTWITHSTANDING THE FACT THAT THE LIENS MAY AFFECT SAID LAND, SAID LIENS ARE SUBORDINATE IN NATURE TO THE LIEN OR CHARGE OF THE DEED OF TRUST WHICH IS SET FORTH AS THE SUBJECT OF THIS GUARANTEE, AND NO NOTICE IS REQUIRED.

16.  ANY BANKRUPTCY PROCEEDING THAT IS NOT DISCLOSED BY THE ACTS THAT WOULD AFFORD NOTICE AS TO SAID LAND, PURSUANT TO TITLE 11 U.S.C. 549(C) OF THE BANKRUPTCY REFORM ACT OF 1978.

File No.: 17-17053

**PART THREE**

**INFORMATION FOR TRUSTEE**

Relative to the Deed of Trust shown as Exception No.14 of this Guarantee


1.  City in which the land is located:
    CITY OF LOS ANGELES

    If not in a city, judicial district in which the land is located:


2.  Legal publication:
    **LOS ANGELES DAILY JOURNAL**
    **915 E FIRST STREET,**
    **LOS ANGELES, CA 90012**
    **213-229-5300**
    **213-229-5481**
    **PUBLISHED: MON-FRI**
    **DEADLINE: 1 DAY PRIOR, BY 2PM**


    2A. According to the public records of the county assessor's office. The property address is: **17800 TRAMONTO DR, LOS ANGELES, CA 90272-3135**
     A.P.  NO. **4416-020-055**


3.  The names and addresses of persons who have recorded requests, as provided by Section 2924b (a) and (d) of the California Civil Code, for a copy of Notice of Default and for a copy of Notice of Sale are:

    **JOSEPH FLORES-BEAUCHAMP, TRUSTEE**
    **17800 TRAMONTO DRIVE**
    **PACIFIC PALISADES  CA 90272**
    **(TRUSTOR UNDER FCL DEED OF TRUST)**


4.  The names and addresses of additional persons who, as provided by Section 2924b (c) (1) and (2) of the California Civil Code, are entitled to receive a copy of Notice of Default and a copy of Notice of Sale are:

    **JOSEPH FLORES-BEAUCHAMP, TRUSTEE**
    **17800 TRAMONTO DR**
    **LOS ANGELES  CA 90272-3135**
    **(VESTEE)**


5.  The names and addresses of state taxing agencies which, as provided by Section 2924b (c) (3) of the  California Civil Code, are entitled to receive a copy of Notice of Sale are:

    **NONE**


6.  The addresses of the Internal Revenue Service which, as provided by Section 2924b (c) (4) of the California Civil Code, are entitled to receive a copy of notice of sale are:

NONE

7. The name and address of any association as defined in Section 1351(a) of the California Civil Code which, as provided by Section 2924b (f) of the California Civil Code, is entitled to receive a copy of any trustee's deed upon sale concerning a separate interest governed by the association is:

8. While the California Civil Code Under Section 2924b does not require copies of Notices of Default and Notices of Sale To Be sent to the following parties, other legal notices may be required and can be sent to the names and address as shown:

   NONE

9. Attention is called to the Servicemembers Civil Relief Act (Public Law 108-189, 50 USC Appx. Sections 501 et seq.) and any amendments thereto and the Military Reservist Relief Act of 1991 (California Military and Veterans Code Sections 800 et seq.), and any amendments thereto, each of which contain restrictions against the sale of land under a deed of trust if the owner is entitled to the benefits of those Acts.

10. Attention is called to the Federal Tax Lien Act of 1966 (Public Law 89-719, 26 USC Sections 6321 et seq.) and any amendments thereto, which, among other things, provides for the giving of written Notice of Sale in a specified manner to the Secretary of Treasury or his or her delegate as a requirement for the discharge or divestment of a Federal Tax Lien in a nonjudicial sale, and establishes with respect to that lien a right in the United States to redeem the property within a period of 120 days from the date of the sale.

11. Attention is called to SB 1137 (California Civil Code Section 2923.5) and any amendments thereto, which, among other things requires the Mortgagee, Trustee, Beneficiary or Authorized Agent, to contact homeowners to explore restructuring options before initiating the nonjudicial foreclosure process. The statute became operative on September 6, 2008 and applies to loans made from January 1, 2003 to December 31, 2007, secured by deeds of trust on owner-occupied residential property. A special declaration must be attached to or made a part of a Notice of Default recorded on or after September 8, 2008. If a Notice of Default was recorded prior to September 8, 2008, a Notice of Sale must also include the special declaration which confirms that the Mortgagee, Trustee, Beneficiary, or Authorized Agent, has complied with the due diligence requirements in contacting the borrower or that the borrower has surrendered the property.

12. Attention is called to ABX2 7 or the California Foreclosure Prevention Act and codified as California Civil Code Section § 2523.52 et seq., and any amendments thereto, which among other things provides specified borrowers an additional 90 days in the non-judicial home foreclosure process, unless the mortgage loan servicer responsible for servicing the borrower's loan established that it has implemented a comprehensive loan modification program, as described in Civil Code Section 2523.53, and the servicer obtains an order, as specified, from the Commissioner of Corporations, Financial Institutions, or Real Estate. The order from the Commissioner of Corporations, Financial Institutions, or Real Estate exempts a mortgage loan servicer from the requirement in Civil Code Section 2523.52(a) that a borrower be provided an additional 90 days in the non-judicial home foreclosure process.

   The Departments of Corporations, Financial Institutions, and Real Estate are required to adopt regulations to clarify the application of Civil Code Sections 2523.52 and 2523.53 (Section 2523.53(d) of the California Foreclosure Prevention Act).

   ABX2 7 will take effect on or about May 21, 2009.

EXHIBIT "G"



EXHIBIT "G"

# AIN: 4416-020-055 2

**Situs Address:**
17800 TRAMONTO DR
LOS ANGELES CA 90272-3135

| | |
|---|---|
| **Use Type:** | Single Family Residence |
| **Parcel Type:** | Regular Fee Parcel |
| **Tax Rate Area:** | 00067 |

| | |
|---|---|
| **Parcel Status:** | ACTIVE |
| **Create Date:** | |
| **Delete Date:** | |
| **Tax Status:** | CURRENT |
| **Year Defaulted:** | |
| **Exemption:** | HOX |

### Building (0101) & Land Overview

| | | | | | |
|---|---|---|---|---|---|
| **Use Code:** | 0101 | **# of Units:** | 1 | **Year Built:** | 1931 |
| **Design Type:** | 0123 | **Beds/Baths:** | 5/5 | **Effective Year:** | 1971 |
| **Quality Class:** | D12A | **Building SqFt:** | 6,046 | **Land SqFt:** | 20,532 |

(http://assessormap.co.la.ca.us/Geocortex/Es
val=4416-020)
Parcel Map
(http://assessormap.co.la.ca.us/Geocortex/Essen
val=4416-020) / Map
Index
(http://maps.assessor.lacounty.gov/Geocortex/Es
val=4416-NDX)

| | 2018 Roll Preparation | | 2017 Current Roll | RC | Year | | 2003 Base Value |
|---|---|---|---|---|---|---|---|
| $ | 3,436,824 | $ | 3,369,436 | T | 2003 | $ | 2,700,000 |
| $ | 1,272,892 | $ | 1,247,934 | T | 2003 | $ | 1,000,000 |
| $ | 4,709,716 | $ | 4,617,370 | | | $ | 3,700,000 |

### Assessor's Responsible Division

| | | | | | |
|---|---|---|---|---|---|
| **District:** | West District Office | West District Office (https://maps.google.com/? | | **Phone:** | (310) 665-5300 |
| **Region:** | 07 | q=6120+Bristol+Parkway+Culver+City%2C+CA+90230) ♀ | | **Toll Free:** | 1 (888) 807-2111 |
| **Cluster:** | 07185 PAC PALISADES | 6120 Bristol Parkway | | **M-F** | 7:30 am to 5:00 pm |
| | | Culver City, CA 90230 | | | |



# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1 Park Plaza, Suite 600, Irvine, CA 92614

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _06/20/2018_, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

see attached list

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _06/20/2018_, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

see attached list

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _06/20/2018_, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

GSO Overnight for delivery 6/21/2018
Hon. Victoria Kaufman, US Bankruptcy Court, 21041 Burbank Ave, Woodland Hills, CA 91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| _06/20/2018_ | David I. Brownstein | /s/ David I. Brownstein |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                              Page 12                              **F 4001-1.RFS.RP.MOTION**

Page 67

**Proof of Service Cont.**
**Part 1. Service by NEF**
**David I Brownstein on behalf of Interested Party Courtesy NEF**
**david@brownsteinfirm.com**

**Richard Burstein on behalf of Trustee David Seror (TR)**
**rburstein@bg.law, ecf@bg.law**

**Talin Keshishian on behalf of Trustee David Seror (TR)**
**tkeshishian@bg.law, ecf@bg.law**

**Thomas G Mouzes on behalf of Creditor American AgCredit FLCA**
**tmouzes@boutinjones.com, cdomingo@boutinjones.com**

**Thomas G Mouzes on behalf of Creditor American AgCredit, PCA**
**tmouzes@boutinjones.com, cdomingo@boutinjones.com**

**Ronald A Norman on behalf of Debtor LOST COAST RANCH INC.**
**ronaldanorman@sbcglobal.net, david@jshoffmanlaw.com**

**David Seror (TR)**
**mtzeng@brutzkusgubner.com, C133@ecfcbis.com**

**United States Trustee (SV)**
**ustpregion16.wh.ecf@usdoj.gov**

**Jennifer C Wong on behalf of Creditor U.S. Bank Trust, N.A., as Trustee for LSF9**
**Master Participation Trust**
**bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com**

**Jennifer C Wong on behalf of Interested Party Courtesy NEF**
**bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com**

**Part 2.   Service by U.S. Mail**

**Office of the United States Trustee**
**915 Wilshire Blvd. #1850**
**Los Angeles, CA 90017**

**Property Owner/ Co-Debtor**

**Joseph Flores-Beauchamp, Trustee**
**17800 Tramonto Drive**
**Pacific Palisades, California 90272**

**Senior Deed of Trust Holder**

**Wells Fargo Bank, NA**
**c/o CSC Lawyers Incorporating Service, Agent for Service**
**2710 Gateway Oaks Drive, Suite 150N**
**Sacramento, CA 95833**